# IN THE SUPREME COURT OF IOWA

No. 07–1095

Filed June 19, 2009

**JORDAN HOLM,**

    Plaintiff,

vs.

**IOWA DISTRICT COURT
FOR JONES COUNTY,**

    Defendant.

---

Certiorari to the Iowa District Court for Jones County, David M. Remley, Judge.

Certiorari action brought by inmate to challenge the legality of district court's decision in postconviction relief proceeding, holding that application of Iowa Code section 903A.2(1)(*a*) (Supp. 2005) to inmate was not retrospective, did not violate the Ex Post Facto Clauses of the United States and Iowa Constitutions, and that inmate received sufficient due process. **WRIT ANNULLED.**

Philip B. Mears of Mears Law Office, Iowa City, for plaintiff.

Thomas J. Miller, Attorney General, and Forrest Guddall, Assistant Attorney General, for defendant.

**BAKER, Justice.**

Inmate Jordan Holm brought a postconviction relief action challenging a determination by the department of corrections (DOC) that he was ineligible to accrue earned-time credits after he refused to attend a sex offender treatment program (SOTP). *See generally* Iowa Code § 903A.2 (Supp. 2005). Holm claimed that, as applied to inmates convicted before 2005, a 2005 amendment to Iowa Code section 903A.2(1)(*a*) does not apply to him, and if it does, it is a violation of the prohibition against ex post facto laws under both the United States and the Iowa Constitutions. He further alleged that he received insufficient due process from the DOC classification process. The district court held that the Iowa legislature intended to remedy former Iowa Code section 903A.2(1)(*a*) so that all sex offenders, without regard to date of conviction, could receive earned-time credits only by completing SOTP, the amendment was not an ex post facto violation, and that because Holm was provided notice and opportunity to be heard by the deputy warden, his right to due process was protected. Holm then filed a petition for writ of certiorari with the Iowa Supreme Court. We granted his petition. We conclude that the statute does not violate the prohibitions against ex post facto laws contained in the United States and Iowa Constitutions, and that Holm received sufficient due process. We annul the writ of certiorari.

## I. Background Facts and Proceedings.

The parties have stipulated to the following facts. Jordan Holm is serving a sentence for third-degree sexual abuse in violation of Iowa Code section 709.4 (2001). His offense occurred in 2002. Holm was sentenced on November 7, 2003, and received a mandatory sentence of incarceration not to exceed ten years.

Holm appealed his conviction. On December 21, 2005, the Iowa Court of Appeals affirmed his conviction. Holm has always maintained his innocence of the sexual abuse charge.

Iowa Code chapter 903A, entitled "Reduction of Sentences," was passed in 1983. It provided that inmates were "eligible for a reduction of sentence of one day for each day of good conduct . . . while committed to one of the department's institutions." The chapter also provided for up to five extra days of sentence reduction a month if the inmate satisfactorily participated in a work or educational program established by the director. In addition, section 903A.4 of the chapter stated that:

> The director of the Iowa department of corrections shall develop policy and procedural rules to implement sections 903A.1 through 903A.3. The rules may specify disciplinary offenses which may result in the loss of good conduct time, and the amount of good conduct time which may be lost as a result of each disciplinary offense.

Iowa Code § 903A.4 (Supp. 1983).

In 2000, the legislature amended Iowa Code section 903A.2. 2000 Iowa Acts ch. 1173, § 4. The amended statute provided that certain inmates would be "eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct *and satisfactorily participates in any program or placement status identified by the director to earn the reduction.*" Iowa Code § 903A.2(1)(*a*) (2001) (emphasis added). The amendment also added a non-exhaustive list of programs. This list included a "treatment program established by the director." *Id.* § 903A.2(1)(*a*)(4). In 2005, the statute was again amended, this time specifically with respect to sex offenders. *See* 2005 Iowa Acts ch. 158, § 32. This amendment became effective July 1, 2005. It provides:

> [A]n inmate required to participate in a sex offender treatment program shall not be eligible for a reduction of sentence unless the inmate participates in and completes a sex offender treatment program established by the director.

Iowa Code § 903A.2(1)(*a*) (Supp. 2005).

In accordance with Iowa Code section 903A.4, the DOC implemented the 2005 amendment in 2006 by adopting a rule stopping the accrual of earned time for a sex offender who refused treatment, was removed from treatment, or failed to meet program completion criteria. Despite the statute's provision, under the DOC policy prior to this amendment, a refusal to participate in SOTP did not completely stop the accrual of earned time. A refusal only resulted in the loss of up to ninety days of earned time.

Holm had two separate classification meetings with prison officials on August 8 and August 10 of 2006. A classification meeting in this context is a meeting with the inmate wherein he is told that he is expected to undergo treatment. It was at one of these meetings that the DOC told Holm that the new provision (prison policy adopting amended section 903A.2(1)(*a*)) would be applied to him. He was also told that there was a treatment bed for SOTP available, and he must decide whether to undergo treatment.[1] Holm refused SOTP treatment. At the close of the August 10 meeting, Holm signed the prison's treatment refusal form. The "Sex Offender Treatment Program Refusal Form" provides:

---

[1]In 2004, the DOC determined that Holm should undergo SOTP while serving his sentence. In February of 2004, Holm alleges that the DOC told him he would not be allowed to attend sex offender treatment because he denied he was guilty of the sexual abuse charge. He was also told he would therefore be denied consideration for early release because he had not undergone treatment. A generic note in his file dated February 2, 2004, states that Holm "is denying guilt to his crime and will not be provided SOTP due to this."

Offenders that meet any or all of the following criteria will be required to participate in the Sex Offender Treatment Program (SOTP) offered by the Department of Corrections:

> *The offender's present sexual offense conviction.

> *The offender is required to register with the Iowa Sexual Offender Registry.

> *The time of treatment is targeted in relation to the projected release of the offender.

> *There is treatment space available and the offender is offered a SOTP treatment bed.

*For offenders that meet the above criteria, the following is applicable:*

*Per Iowa Code section 903A.2(1)(*a*) any offender . . . [who] refuses to participate in the required SOTP will not be eligible for earned time. This affects any offender who refuses the required SOTP or is removed from required SOTP on, or after July 1, 2005. . . .

I, Offender Holm, Jordan # 6016946A refuse to participate in the Mt. Pleasant Correctional Facility Sex Offender Treatment Program.

My refusal . . . from SOTP has been discussed with me by staff and I understand that by signing this form, I am going against recommended programming and/or have been removed for failing to fully cooperate with outlined treatment guidelines set up for me by the staff of the Mt. Pleasant Correctional Facility and/or the Iowa Board of Parole. The consequences of this decision which are outlined above have been discussed with me. . . .

*This is a classification action and may be appealed to the Deputy Warden within 24 hours of the decision date.*

(Emphasis in original.)

Holm's sentence reduction or earned time stopped accruing when he signed the treatment refusal form on August 10, 2006. Holm did not lose any credits he had earned prior to that date. Before his refusal to attend treatment, Holm's tentative discharge was April 9, 2008. After his refusal, Holm's tentative discharge date is now April 9, 2010.

After exhausting his administrative remedies, Holm applied for postconviction relief, claiming that his loss of eligibility for earned time violated the Ex Post Facto and Due Process Clauses of the United States and Iowa Constitutions. The district court issued a ruling denying Holm relief. Holm then filed an application for writ of certiorari with the Iowa Supreme Court. We granted his application.

## II.  Scope of Review.

This is an original certiorari action challenging the legality of the district court's decision in a postconviction relief application. We are asked to determine if the 2005 amendment to Iowa Code section 903A.2(1)(*a*) is retroactive as applied to Holm. We review issues of statutory construction for errors at law. *In re A.W.*, 741 N.W.2d 793, 806 (Iowa 2007) (citing *Callender v. Skiles*, 591 N.W.2d 182, 184 (Iowa 1999)). Generally, postconviction relief proceedings are reviewed for correction of errors at law. *De Voss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). However, Holm's ex post facto and due process claims allege violations of his constitutional rights; therefore, we review his claims "in light of the totality of the circumstances and the record upon which the postconviction court's ruling was made." *Risdal v. State*, 573 N.W.2d 261, 263 (Iowa 1998). This is the functional equivalent of de novo review. *Id.* Because neither party suggests a basis to distinguish the Federal Ex Post Facto Clause from the Iowa ex post facto clause, we will limit our discussion to the federal provision with the understanding that our analysis applies equally to the state provision.

## III.  Discussion and Analysis.

The 2005 amendment to Iowa Code section 903A.2(1)(*a*) declares that "an inmate required to participate in a sex offender treatment program shall not be eligible for a reduction in sentence unless the

inmate participates in and completes a sex offender treatment program established by the director." Iowa Code § 903A.2(1)(*a*).

We recently held that the DOC's application of amended Iowa Code section 903A.2 to inmates whose crimes predated the 2001 amendment violates the constitutional prohibition of ex post facto laws. *State v. Iowa Dist. Ct.*, 759 N.W.2d 793, 802 (Iowa 2009). In the case before us, we are only faced with the application of the 2005 amendment to inmates whose crimes predated the 2005 amendment but occurred after the 2001 amendment of section 903A.2.

**A. Ex Post Facto Law.** Under the DOC policy in effect in 2001, a refusal to attend SOTP resulted in a loss of ninety days earned time but did not affect the inmate's ability to accrue time in the future. *See* Div. of Institutions, Dep't of Corrs., Disciplinary Policy and Procedure, Policy No. IN–V–36 (2004) [hereinafter Policy No. IN–V–36]. Under the DOC policy in effect after the 2005 amendment to Iowa Code section 903A.2(1)(*a*), Holm could no longer accrue any earned time after refusing to attend SOTP, but he did not lose any previously accrued earned time.

The United States Constitution declares that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. The Iowa Constitution states, "No bill of attainder, ex post facto law . . . shall ever be passed." Iowa Const. art. I, § 21. These clauses "forbid the application of a new punitive measure to conduct already committed." *State v. Corwin*, 616 N.W.2d 600, 601 (Iowa 2000) (citing *State v. Klindt*, 542 N.W.2d 553, 554 (Iowa 1996)). These clauses are also violated when a statute increases the severity of the punishment for a crime after its commission. *Id.*

A statute violates the Ex Post Facto Clause only if it is: (1) retrospective, and (2) more onerous than the law in effect on the date of

the offense. *Weaver v. Graham*, 450 U.S. 24, 30–31, 101 S. Ct. 960, 965, 67 L. Ed. 2d 17, 24 (1981). We consider whether the amended statute increases the penalty by which Holm's crime is punishable or, stated differently, whether it makes the punishment for his crime more onerous. *Lynce v. Mathis*, 519 U.S. 433, 442, 117 S. Ct. 891, 896, 137 L. Ed. 2d 63, 72 (1997); *Cal. Dep't. of Corr. v. Morales*, 514 U.S. 499, 506 n.3, 115 S. Ct. 1597, 1602 n.3, 131 L. Ed. 2d 588, 595 n.3 (1995); *Iowa Dist. Ct.*, 759 N.W.2d at 800.

1. *The statute's retrospective effect.* The first step in determining whether, as applied by the DOC, amended Iowa Code section 903A.2(1)(*a*) violates the Ex Post Facto Clause is to ascertain whether the law has retrospective effect. As we noted in *Iowa District Ct.*, to the extent an amendment applies to a crime that occurred prior to its enactment, it does apply retrospectively. 759 N.W.2d at 799 ("[T]he amended statute applies to prisoners such as [the inmates] who were convicted for an offense committed before the amendment's effective date. The amendment is, therefore, retrospective."). The first prong of the test has been met as the amendment is applied to inmates whose offense occurred before the amendment's effective date.

2. *The statute's impact on punishment.* Next we must consider whether the 2005 amendment makes the punishment for Holm's crime more onerous. *Id.* at 800 (citing *Lynce*, 519 U.S. at 442, 117 S. Ct. at 896, 137 L. Ed. 2d at 72) (other citations omitted). In the context of ex post facto analysis, the essential question is whether a statutory change alters "the consequences attached to a crime already completed." *Weaver*, 450 U.S. at 33, 101 S. Ct. at 966, 67 L. Ed. 2d at 25; *accord Lindsey v. Washington*, 301 U.S. 397, 401, 57 S. Ct. 797, 799, 81 L. Ed. 1182, 1186 (1937) ("The Constitution forbids the application of any new

punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer.").

The 2005 amendment was merely a clarification of the 2001 amendment and did not create any new obligations or duties; under the 2001 amendment, sex offenders could be required to participate in SOTP to accrue earned time. The 2001 amendment provided that an inmate was "eligible for a reduction of sentence . . . for each day the inmate . . . satisfactorily participates in any program or placement status identified by the director to earn the reduction." Iowa Code § 903A.2(1)(*a*). Under the language of the statute, inmates were ineligible to receive any future earned time unless they "*satisfactorily participate[d]*" in any program identified by the director, including SOTP. *Id.* (emphasis added).

There is virtually no difference between what is required of inmates under the language of the 2001 amendment and what is required of them under the language of the 2005 amendment.[2] "An amendment to a statute does not necessarily indicate a change in the law." *State v. Guzman-Juarez*, 591 N.W.2d 1, 3 (Iowa 1999). There is no ex post facto violation where a court merely clarifies the law without making substantive changes. *See Thompson v. Nagle*, 118 F.3d 1442, 1449 (11th Cir. 1997) ("When a court clarifies but does not alter the meaning of a criminal statute, the Ex Post Facto Clause is not implicated."); *see also United States v. Brennan*, 326 F.3d 176, 197 (3rd Cir. 2003); *Smith v. Scott*, 223 F.3d 1191, 1194–96 (10th Cir. 2000). The DOC has

---

[2]There is one difference between the 2001 amendment and the 2005 amendment. Under the 2001 amendment, the inmate had to participate in treatment, including SOTP, when "identified by the director," whereas the 2005 amendment applied to "inmate[s] required to participate in [SOTP]." Treatment for an inmate could be identified for some period of time prior to the inmate actually being required to participate, whereas the 2005 amendment made it clear that an inmate for whom treatment was identified did not lose his eligibility for earned-time credits until the inmate was actually required to participate. This difference is actually beneficial to Holm, and therefore, has no impact on this case.

erroneously applied the 2001 amendment by only providing for a loss of 90 days earned time rather than ineligibility to accrue any future earned time as prescribed by the statute. If the amendment was nothing more than "the correction of a misapplied existing law," then there is no retroactive application, and the Ex Post Facto Clause is not implicated.[3] *Stephens v. Thomas*, 19 F.3d 498, 500 (10th Cir. 1994). The Ex Post Facto Clause does not prohibit the correction of a misapplied existing law which disadvantages one in reliance on its continued misapplication. *Id.* Because the 2005 amendment did not result in more onerous punishment and because the loss of future earned time under the correct interpretation was foreseeable, the application of the 2005 amendment to Iowa Code section 903A.2(1)(*a*) to prisoners who committed their crimes before the amendment does not violate the Ex Post Facto Clauses of the United States and Iowa Constitutions.

**B. Procedural Due Process.** Holm also asserts that the classification procedure denies him due process. He had two meetings wherein he was offered placement at SOTP. He refused. Holm signed the SOTP refusal form. The SOTP refusal form signed by Holm contained language notifying him of the basis for the classification, notice of the penalties for refusal, and notice that "a classification action may be appealed to the Deputy Warden within 24 hours of the decision date." According to prison policy, Holm had the right to appeal the DOC's

---

[3]Because we determine the amendment did not change the existing law, but merely clarified and corrected the department's application of existing law, we conclude Holm's argument based upon statutory construction has no merit. *Cf. Bd. of Trustees of Mun. Fire & Police Retirement Sys. v. City of W. Des Moines*, 587 N.W.2d 227, 230 (Iowa 1998) (where the amendment did not clarify the existing statutory scheme, court proceeded to determine whether change in law to be applied retrospectively or prospectively only).

classification decision to remove him from SOTP and the subsequent cessation of his earned time.

Holm states that "[d]ue process requires that any loss of earned time be accompanied by appropriate procedural protection." He claims that the procedures provided him by the DOC were not sufficient in three respects: (1) he was given no advance notice that the charges or penalties for his prior offense were going to change; (2) he was not given a sufficient written statement of reasons and findings for the DOC's determination that he was to lose his right to earned time; and (3) there was no neutral or impartial fact finder involved in the procedural process the DOC provided, as the determination of whether he required SOTP treatment was made by the prison treatment director.

The due process provisions of the United States and the Iowa Constitutions are "nearly identical in scope, import and purpose." *State v. Seering*, 701 N.W.2d 655, 662 (Iowa 2005) (citing *State v. Hernandez-Lopez*, 639 N.W.2d 226, 237 (Iowa 2002)). Therefore, we usually "interpret both in a similar fashion." *Id.*

Procedural due process " 'act[s] as a constraint on government action that infringes upon an individual's liberty interest, such as the freedom from physical restraint.' " *Id.* (quoting *Hernandez-Lopez*, 639 N.W.2d at 240). We have stated that "[a]t the very least, procedural due process requires 'notice and opportunity to be heard in a proceeding that is "adequate to safeguard the right for which the constitutional protection is invoked." ' " *Id.* at 665–66 (quoting *Bowers v. Polk County Bd. of Supervisors*, 638 N.W.2d 682, 691 (Iowa 2002)). A procedure does not necessarily violate due process simply " ' "because another method may seem fairer or wiser." ' " *Id.* at 666 (quoting *Bowers*, 638 N.W.2d at 691).

To determine what process is due, the court undertakes a three factor analysis:

> " 'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail.' "

*Id.* at 665 (quoting *Bowers*, 638 N.W.2d at 691).

"[T]he first step in any procedural due process inquiry is the determination of 'whether a protected liberty or property interest is involved.' " *Id.* (quoting *Bowers*, 638 N.W.2d at 691). In *Sanford v. Manternach*, 601 N.W.2d 360, 364 (Iowa 1999), we declared that a liberty interest in accrued credits is created by Iowa's law providing for earned-time credits. We conclude a similar interest in the right to earn such credits exists. *State v. Grimme*, 274 N.W.2d 331, 336 (Iowa 1979) ("Even a prisoner's interest in earning good time credit is a protected liberty."). Therefore, the first prong is met.

The second prong assesses the risk of an erroneous deprivation of a protected interest and the value of additional or substitute procedural safeguards. The only issue to be determined in the classification action was whether Holm's offense was one which required participation in SOTP. It is undisputed that he was convicted of third-degree sexual abuse in violation of Iowa Code section 709.4, that he would be required to register with the Iowa Sex Offender Registry, and that SOTP treatment space was available. By signing the Sex Offender Treatment Program Refusal Form, Holm acknowledged that he was aware that the consequence of his failure to attend SOTP was the loss of the ability to accrue earned time. Given the procedures employed by the DOC and the

notices that were provided Holm, we find that the risk of erroneous deprivation of his future right to accrue earned time was minimal.

Finally, we assess the impact of additional safeguards on the state's interests. Holm had a right to appeal the decision to the deputy warden. Replacing the deputy warden with an administrative law judge would increase the state's fiscal and administrative burdens, while providing little, if any, additional safeguard to the process. Holm was given notice and an opportunity to be heard through the DOC classification appeal procedure. There was no due process violation.

### IV.  Disposition.

We find that the statute does not violate the prohibitions against ex post facto laws contained in the United States and Iowa Constitutions when applied to prisoners whose crimes were committed prior to the effective date of the 2005 amendment. We also find that Holm received sufficient due process. We, therefore, annul the writ of certiorari.

**WRIT ANNULLED.**