# IN THE SUPREME COURT OF IOWA

No. 07–0472

Filed June 11, 2010

**KENNETH WATERS,**

Plaintiff,

vs.

**IOWA DISTRICT COURT
FOR HENRY COUNTY,**

Defendant.

___

Certiorari from the Iowa District Court for Henry County, Mary A. Brown, Judge.

Inmate challenges inability to accrue earned time based on refusal to participate in sex offender treatment program. **WRIT ANNULLED.**

Philip B. Mears, Mears Law Office, Iowa City, for plaintiff.

Thomas J. Miller, Attorney General, and Forrest Guddall, Assistant Attorney General, for defendant.

**STREIT, Justice**.

Kenneth Waters was convicted of operating while intoxicated (OWI), third offense, and assault with intent to commit sexual abuse. The Iowa Department of Corrections (IDOC) required him to participate in a sex offender treatment program (SOTP), but the requirement was instituted after Waters had discharged the sentence for the assault with intent to commit sexual abuse and while he was serving only the OWI sentence. Waters refused to participate in the treatment, and as a result, pursuant to Iowa Code section 903A.2, the department determined he was ineligible to accrue additional earned time. Waters filed a postconviction action. We hold the department acted within its statutory authority.

## I.     Background Facts and Prior Proceedings.

Kenneth Waters was convicted of OWI, third offense, on May 27, 2004, and sentenced to a term of incarceration not to exceed five years. He pled guilty to assault with intent to commit sexual abuse on August 9, 2004, and was sentenced to a term of incarceration not to exceed two years, to run concurrently with his OWI sentence, and ordered to complete sex offender treatment and register as a sex offender.

In January 2005, Waters was reviewed by the Board of Parole. IDOC had recommended Waters be released to the community and that he participate in SOTP once released. The Board of Parole denied parole and stated that Waters needed to go to SOTP, presumably in prison.

On May 22, 2005, while still in prison, Waters discharged his sentence for assault with intent to commit sexual abuse. IDOC had not yet classified Waters or placed him in SOTP. In December 2005, Waters was classified and told he was required to attend SOTP. Waters signed a refusal form, which explained that Waters would lose the ability to accrue earned time if he refused. Based on his refusal, Waters's

tentative discharge date was changed from July 16, 2006, to March 27, 2007. Waters has since been discharged from prison.[1] The deputy warden denied Waters's appeal of the determination that he could no longer earn a reduction in sentence. He then filed this case seeking postconviction relief. The district court denied relief.

## II. Scope of Review.

Generally, postconviction relief proceedings are reviewed for correction of errors at law. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). "We review issues of statutory construction for errors at law." *In re A.W.*, 741 N.W.2d 793, 806 (Iowa 2007). Waters's claims alleging violations of his constitutional rights are reviewed " 'in light of the totality of the circumstances and the record upon which the postconviction court's ruling was made.' " *Risdal v. State*, 573 N.W.2d 261, 263 (Iowa 1998) (quoting *James v. State*, 541 N.W.2d 864, 869 (Iowa 1995)). This is the functional equivalent of de novo review. *Id.*

## III. Merits.

As set forth in the companion case, *Dykstra v. Iowa District Court*, ___ N.W.2d ___, ___ (Iowa 2010), section 903A.2, which establishes inmates' ability to earn time, was amended in 2000, effective January 1, 2001, and in 2005. IDOC applied the 2005 amendment to Waters. Waters raises three arguments in his postconviction petition. First, Waters argues IDOC's application of the 2005 amendment to him violated the Ex Post Facto Clauses of the United States and Iowa Constitutions because he committed the offenses and entered prison prior to the effective date of the 2005 amendment. Second, Waters

---

[1]Although Waters's postconviction action is moot because he has been released from prison, *Wilson v. Farrier*, 372 N.W.2d 499, 501 (Iowa 1985), this court finds that just as in *Wilson* the underlying question is one of public importance that is likely to reoccur.

argues the 2005 amendment cannot be read retroactively to apply to his sentence. Third, Waters argues IDOC was without statutory authority to stop Waters's ability to earn time towards his OWI conviction because the requirement that he participate in SOTP was based on Waters's conviction for assault with intent to commit sexual abuse.

**A. Ex Post Facto Clause.** We previously held that IDOC's application of amended Iowa Code section 903A.2 to inmates whose crimes occurred prior to January 1, 2001, the effective date of the 2001 amendment to section 903A.2, violates the Ex Post Facto Clause. *State v. Iowa Dist. Ct.*, 759 N.W.2d 793, 801 (Iowa 2009). We held in *Holm v. Iowa District Court*, 767 N.W.2d 409, 416 (Iowa 2009), that application of the 2005 amendment to inmates whose crimes occurred after enactment of the 2001 amendment but before enactment of the 2005 amendment does not violate the Ex Post Facto Clause because the 2005 amendment was a clarification of the 2001 amendment. Because Waters was convicted of OWI, third offense, and assault with intent to commit sexual abuse in 2004 and does not contend that any of the acts underlying these convictions took place before 2001, IDOC's application of the 2005 amendment to Reilly did not violate the Ex Post Facto Clause.

**B. Retroactivity.** Waters argues section 903A.2, as amended in 2005, cannot be construed to apply retroactively to individuals whose crimes took place after enactment of the 2001 amendment but before enactment of the 2005 amendment. We reject Waters's argument because, as we determined in *Holm*, the amendment did not change the existing law, but merely clarified it. *See Holm*, 767 N.W.2d at 416 n.3.

**C. Application of Section 903A.2 to Non-Sexual Offenses.** Waters does not challenge the authority of IDOC to require SOTP based on his conviction for assault with intent to commit sexual abuse. Waters

argues, however, that IDOC inappropriately stopped his ability to earn time towards reduction of his five-year OWI sentence when he refused to participate in SOTP.

We held today in *Dykstra* that Iowa Code section 903A.2 permits IDOC to stop an inmate's ability to earn good-time credits towards any sentence being served if the inmate is categorized as required to participate in SOTP and refuses or is removed. *Dykstra* explained that section 903A.2 does not require that the "sentence" be one that is connected to the reason IDOC required the inmate to attend SOTP. *Dykstra*, ___ N.W.2d at ___. Although at the time he refused to participate in SOTP Waters was only serving a sentence for OWI, third offense, he entered prison to serve two sentences: the five-year OWI sentence and a two-year sentence for assault with intent to commit sexual abuse. *Dykstra* declined to address whether there is some limitation on IDOC's discretion to rely on a past sexual incident or conviction that does not demonstrate a " 'problem currently suffered.' " *See Dykstra*, ___ N.W.2d at ___ (quoting *State v. Valin*, 724 N.W.2d 440, 447 (Iowa 2006)). Here, however, Waters's most recent conviction was of a sexual offense, he was required by the sentencing judge to attend SOTP and register as a sex offender, and he entered prison to serve the sentence for that offense concurrently with an OWI sentence. IDOC acted within its statutory authority to stop Waters's ability to earn good-time credits toward his OWI sentence.

**IV.    Conclusion.**

The Iowa Department of Corrections acted within its statutory authority by requiring Waters to participate in a sexual offender treatment program and such application was not a violation of the Ex Post Facto Clause or outside IDOC's statutory authority.

**WRIT ANNULLED.**