# IN THE SUPREME COURT OF IOWA

No. 07–1459

Filed December 16, 2011

**MYRON BRANDON,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR HENRY COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Mahaska County, John G. Linn, Judge.

Certiorari action brought by inmate to challenge the legality of district court decision in postconviction relief proceeding, holding that application of Iowa Code section 903A.2(1)(*a*) (Supp. 2005) was appropriate retroactive application of remedial statute and did not violate the Ex Post Facto Clauses of the United States and Iowa Constitutions and that inmate received sufficient due process. **WRIT ANNULLED.**

Philip B. Mears of Mears Law Office, Iowa City, for plaintiff.

Thomas J. Miller, Attorney General, and Forrest A. Guddall, Assistant Attorney General, for defendant.

**PER CURIAM.**

Inmate Myron Brandon brought this postconviction relief action challenging a determination by the Iowa Department of Corrections (IDOC) that he was ineligible to accrue earned-time credits after he was removed from the Sex Offender Treatment Program (SOTP). The IDOC action was based on a 2005 amendment to Iowa Code section 903A.2, which provides that an inmate required to participate in SOTP loses his eligibility for a reduction in sentence if he fails to participate. *See* Iowa Code § 903A.2(1)(*a*) (Supp. 2005). Brandon claimed this statute did not apply to him because his crimes were committed before the amendment was enacted, and if the amendment did apply to him, it was a violation of the prohibition against ex post facto laws under both the United States and Iowa Constitutions. He further alleged he received insufficient due process from the IDOC when he was removed from SOTP. The district court rejected these claims, and so do we.

## I. Applicability of Statute.

We recently addressed a similar claim in *Holm v. Iowa District Court*, 767 N.W.2d 409 (Iowa 2009). In that case, we held the 2005 amendment did not change the existing law, but merely clarified it, thus negating the inmate's argument the legislature intended the amendment to only be applied prospectively to inmates whose crimes occurred after July 1, 2005, the effective date of the statute. *Holm*, 767 N.W.2d at 416 & n.3. This decision is dispositive of Brandon's claim that the 2005 amendment does not apply to him because his crime was committed before its enactment.

## II. Ex Post Facto Violation.

In *Holm*, we concluded application of the 2005 amendment to prisoners whose crimes were committed after January 1, 2001 (the

effective date of a prior amendment), but before July 1, 2005 (the effective date of the 2005 amendment), did not violate the Ex Post Facto Clauses of the United States and Iowa Constitutions because the amendment was a correction of misapplied existing law and did not result in a more onerous punishment. *Id.* at 416–17. To the extent Brandon's crimes were committed in this time frame, our decision in *Holm* controls.

Brandon asserts, however, that the parties and the district court assumed he was required to take sex offender treatment because of crimes that took place between 2001 and 2005. While he acknowledges the kidnapping for which he was serving time took place in 2004, he states the indecent-contact-with-a-child conviction for which he was imprisoned occurred in 2000. Brandon asserts that, because the court has distinguished criminal acts committed before 2001 from those committed after that date for purposes of determining whether a 2001 amendment violated the prohibition against ex post facto laws, it may be necessary to remand this case to the district court to determine whether the IDOC imposed the treatment requirement on him based on his 2000 crime. *See State v. Iowa Dist. Ct.*, 759 N.W.2d 793, 802 (Iowa 2009) (holding application of a 2001 amendment to section 903A.2 to inmates whose crimes predated the amendment violated the constitutional prohibition of ex post facto laws). This argument was not asserted in Brandon's application for postconviction relief and was not made to the district court; therefore, it has not been preserved for our review. *See* Iowa Code § 822.8 (2005) (stating "[a]ll grounds for relief available to [a postconviction relief] applicant . . . must be raised in the applicant's . . . application").

Even if we were to reach the issue, we find no ex post facto violation. Brandon's third-degree kidnapping offense occurred in 2004. Under *Holm*, crimes committed after January 1, 2001, can be used to require participation in SOTP without violation of the ex post facto clauses. *Holm*, 767 N.W.2d at 416–17. A third-degree kidnapping conviction may contain a sexual element. *See* Iowa Code § 710.1 ("[T]o constitute kidnapping the act must be accompanied by one or more of the following . . . the intent . . . to subject the person to a sexual abuse."); *id.* § 710.4 (defining third-degree kidnapping as any kidnapping that is not first or second-degree kidnapping). IDOC requires an inmate to participate in SOTP if his underlying offense contains a sexual element or if he is required to register with Iowa Sex Offender Registry.

Brandon conceded in the postconviction relief proceedings that his kidnapping conviction was an appropriate basis for IDOC to require SOTP participation. Specifically, in his trial brief Brandon acknowledged, "He is appropriately required to do SOTP. One of his crimes requiring treatment, Kidnapping, occurred in 2004." The record further indicates Brandon's 2004 kidnapping involved the rape of a woman at knifepoint. This provides the sexual element needed to require SOTP. Accordingly, on the basis of our decision in *Holm*, we find no merit to Brandon's claim of an ex post facto violation.

### III. Due Process Claim.

On January 31, 2006, Brandon was removed from the SOTP after a classification meeting with the treatment director, where it was determined that Brandon's attitude and behavior in treatment was unsatisfactory. Brandon contends the procedure used by the IDOC in determining he should be removed from the treatment program was constitutionally inadequate in affording him due process under the

factors set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Specifically, he asserts that (1) notice of the classification hearing on January 31, 2006, was insufficient; (2) the classification notations do not satisfy the requirement of a written statement of reasons and findings for his removal; and (3) allowing the director of the treatment program to determine whether he should be removed from treatment deprived him of a neutral fact finder and increased the risk of erroneous deprivation.

We recently addressed a similar claim in *Reilly v. Iowa District Court*, 783 N.W.2d 490 (Iowa 2010). In that case, Reilly was removed from SOTP because his account of his sexual crime differed from that of the victim and he failed a polygraph examination on the specifics of the crime. *Id.* at 494. Like Brandon, Reilly contended that IDOC must comply with the requirements set forth by the United States Supreme Court in *Wolff*, including advance written notice, a written statement of the reasons relied upon for his removal, and a hearing before a neutral fact finder. *Id.* at 494 (citing *Wolff*, 418 U.S. at 563–71, 94 S. Ct. at 2978–82, 41 L. Ed. 2d at 955–59).

Our first step in addressing Reilly's due process claim was to determine whether a protected liberty interest was involved. *Id.* Because removal from SOTP results in the loss of eligibility to accrue earned time, it inevitably affected the duration of Reilly's sentence, and therefore, we held Reilly had a liberty interest in his ability to accrue earned time that was implicated by his removal from treatment. *Id.* at 495 (citing *Wilson v. Jones*, 430 F.3d 1113, 1120–21 (10th Cir. 2005)).

We then turned to the question of what process was due. After an examination of the relevant issues involved, we concluded that

> [t]he full panoply of protections that would accompany a formal hearing are unnecessary for removal from SOTP because of the nature of the liberty interest at stake, the discretion granted to IDOC employees, and the professional judgment behind any removal decision.

*Id.* at 497. Instead, we held that due process required IDOC to provide an inmate subject to removal from SOTP with "(1) advance notice allowing the inmate time to secure documents or prepare a statement, (2) an opportunity to present documentary evidence, letters, or make statements before the decision-maker, and (3) an explanation for the reasons behind any removal decision."[1]  *Id.*  In addition, we held due process required "that the decisionmakers be 'sufficiently impartial.'"  *Id.* (quoting *Wolff*, 418 U.S. at 570–71, 94 S. Ct. at 2982, 41 L. Ed. 2d at 959).

**A. Adequacy of Notice of January 31, 2006 Classification Hearing.**  Brandon contends he was not given adequate notice of the January 31, 2006 classification hearing, after which he was removed from SOTP and his eligibility to accrue earned-time credits was stopped. In order to determine whether the procedure provided to Brandon by IDOC complied with due process, it is helpful to review the pertinent factual background that can be gleaned from program review notes kept by the IDOC. According to these notes, on December 23, 2005, Brandon approached one of his counselors to discuss his possible removal from the program. At that time, the program review notes indicate Brandon was informed by his counselor that the treatment director had been notified "to have him removed from the unit." Brandon was removed from the unit on that day and a program review was scheduled for December 27, 2005. There is no indication that he was removed,

---

[1]It is important to note that *Reilly* did not require either the notice or the explanation to be in writing.

however, from SOTP at that time. On December 27, 2005, the notes indicate Brandon attended a classification hearing at which it was determined he would be temporarily removed from the treatment unit due to his attitude. It was also understood that he would not be allowed to return to group treatment before February 1, 2006. The program review notes support the conclusion that any return to group treatment and continuation in SOTP was contingent upon Brandon's progress in the intervening period and that Brandon had been informed of these requirements and the upcoming classification. In pertinent part, the note stated:

> Offender Brandon was seen this morning with TD [treatment director] Gail Huckins, CC Hartsock, and myself for the purpose of a review to determine whether offender Brandon will remain in the Special Needs SOTP due to some behavioral issues. . . .
>
> It was decided that offender Brandon be placed on unit 1D for a couple of weeks and then may return to 1B. Offender Brandon will be removed from all treatment groups and will be eligible to return to groups in February 06. Offender Brandon will need to re-take Empathy and Roadmaps, however, will not do so until after February 1, 2006. . . . Offender Brandon was also reminded that, if his attitude and behavior does not change, he will be removed from the program and placed on unit 3D.[2]

Based on this documentation, it is clear that Brandon was advised that a determination regarding his eligibility to return to treatment groups and full participation in SOTP would be made before February 2006. The subsequent classification hearing was held on January 31, 2006, and was for the purpose of assessing Brandon's attitude about treatment and whether he would be able to return to full participation. This review was

---

[2]The author of the progress review note was Brad Hoenig who, from the record, appears to have been one of Brandon's counselors.

clearly an anticipated proceeding for which Brandon had adequate advance notice on December 27, 2005.

**B. Adequacy of Explanation for Removal.** Next, Brandon asserts the classification notations do not satisfy the due process requirement of a written statement of reasons and findings. Brandon argues the program review notes are insufficient because, for example, there is no specific finding as to what his—Brandon's—position was before the decision maker.

As previously noted, before IDOC can remove an inmate from SOTP, due process requires that the inmate receive an explanation for the reasons behind the removal decision. *Reilly*, 783 N.W.2d at 497. When the program review notes are read together, the notes clearly indicate that Brandon was advised that the reason for his removal from treatment was his failure to accept responsibility for his actions and his placement of the blame for his situation on others.

Beginning December 23, 2005, Brandon was advised that his ability to remain in the program was contingent upon his ability to identify his thoughts and feelings in regards to why he committed his offense. On December 27, Brandon was advised that if his attitude and behavior did not change, he would be removed from the program and was thereafter given over a month to work on these issues. Program review notes indicate that when Brandon appeared before the treatment director and a counselor on January 31, 2006, he did verbalize that he wanted treatment, but the notes also indicate that he had continued to fail to follow through with the treatment and had continued to project blame on others for his current situation. In a written appeal to the assistant warden, dated January 31, 2006, Brandon, himself, indicates that he was removed from treatment due to his response to questions

about future drug use and the counselor's belief that he is not being honest in therapy. Furthermore, on appeal, Brandon makes no claim that he was not verbally told the findings and reasons for his removal. These facts support the conclusion that Brandon was adequately advised of the reasons for his removal from treatment, and therefore, the process complied with the procedure set forth in *Reilly*.

**C. Impartiality of Decision Maker.** As a final matter, Brandon contends that allowing the director of the treatment program to determine whether he should be removed from treatment deprived him of a neutral fact finder and, therefore, violated his right to due process. As we explained in *Reilly*, when the hearing officer is not personally involved in the incident for which action is being taken or personally involved in prior actions taken against the inmate, the hearing officer is believed to be sufficiently independent. *Id.* at 498; *Williams v. State*, 421 N.W.2d 890, 895 (Iowa 1988) (noting that in the context of prison disciplinary actions "[t]he independence required of the hearing officer is that the officer not be personally involved in the incident for which discipline is sought or in prior disciplinary actions against the inmate"). In this case, Brandon has presented no evidence to support the conclusion that the treatment director, who he asserts made the decision to remove him from treatment, was personally involved in the incidents for which the counselors recommended Brandon's removal from treatment. We have long held in prison disciplinary actions that "[t]he burden is on the inmate alleging the constitutional [due process] violations to prove them by a preponderance of the evidence." *Thomas v. State*, 339 N.W.2d 166, 167 (Iowa 1983); *accord Kelly v. Nix*, 329 N.W.2d 287, 291 (Iowa 1983). Brandon has failed to carry his burden of proof that the treatment director was not sufficiently impartial.

**D. Adequacy of September 1, 2010 Administrative Rehearing.**

In response to Brandon's petition for rehearing, we directed the parties to file supplemental briefs addressing whether the subsequent administrative rehearing process in which Brandon participated rendered his due process claims moot. His appeal was resubmitted after the additional briefings were filed this year. We determine that the "do over" administrative rehearing renders moot Brandon's due process claims based on the alleged inadequacy of notice and written findings in his prior hearing process.

On July 9, 2010, Brandon received a written removal rehearing notice and a packet of information SOTP personnel had relied upon to justify his previous SOTP removals. On September 1, Brandon participated in the removal rehearing before an administrative law judge (ALJ). Brandon was provided the opportunity to present evidence at this rehearing. On February 4, 2011, the ALJ issued a written decision affirming each of Brandon's SOTP removals. Brandon's administrative appeal was denied on February 9. We conclude the foregoing satisfied the due process requirements set forth in *Reilly.* Accordingly, Brandon's due process claims in his petition for rehearing are moot. *In re M.T.,* 625 N.W.2d 702, 704 (Iowa 2001) (holding action is moot when a decision would have no practical legal effect on the controversy because the contested issue has become academic or nonexistent). Brandon, therefore, is entitled to no relief on rehearing in this appeal.

**IV. Conclusion.**

IDOC's determination that Brandon's ability to accrue earned time be stopped under Iowa Code section 903A.2 did not violate the Ex Post Facto Clause and was statutorily authorized. In addition, Brandon did

not meet his burden of proof to establish that he received insufficient due process regarding the IDOC classification hearing on January 31, 2006.

**WRIT ANNULLED.**

This is <u>not</u> a published opinion.