**IN THE COURT OF APPEALS OF IOWA**

No. 16-0587
Filed July 19, 2017

**KEVIN SELLERS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McClellan, Judge.

Appeal from the denial of an application for postconviction relief. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Kevin Sellers beat to death his girlfriend Laura Welch. The State charged Sellers with murder in the second degree. The parties reached an agreement pursuant to which the State amended the trial information to charge Sellers with attempted murder and two counts of willful injury causing serious injury, and Sellers agreed to proceed with a bench trial on the minutes of testimony. Following a trial on the minutes, Sellers was convicted as charged in the amended trial information. In his direct appeal, Sellers challenged the sufficiency of the evidence supporting his conviction for attempted murder, contending "because he had assaulted and beaten Welch in the past, his intent . . . was only to beat Welch like he had done before, not to kill her." *State v. Sellers*, No. 12-0869, 2013 WL 105281, at *4 (Iowa Ct. App. Jan. 9, 2013). This court affirmed his convictions. *See id.* at *5. Sellers filed an application for postconviction relief, which the district court denied. Sellers timely filed this appeal.

"Generally, postconviction relief proceedings are reviewed for corrections of errors at law." *Waters v. Iowa Dist. Ct.*, 783 N.W.2d 487, 488 (Iowa 2010) (citing *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002)). However, claims of ineffective assistance of counsel are reviewed de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

To prevail on his claim, the applicant must show "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 688, 687–88 (1984) and *State v. Dalton*, 674 N.W.2d 111, 119 (Iowa 2004)). "The claimant must prove both elements by a preponderance of the evidence." *State v. Madsen*, 813 N.W.2d 714, 724 (Iowa

2012) (citing *King v. State*, 797 N.W.2d 565, 571 (Iowa 2011)). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *see also State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) ("A defendant's inability to prove either element is fatal."). If the applicant fails to meet his or her burden on either element, the court need not address the other. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.").

To establish counsel breached a duty, the applicant must prove "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "[C]ounsel's performance is measured against the standard of a reasonably competent practitioner." *State v. Begey*, 672 N.W.2d 747, 749 (Iowa 2003). There is a strong presumption of counsel's competence. *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Id.* "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel." *Lado v. State*, 804 N.W.2d

248, 251 (Iowa 2011) (quoting *Millam v. State*, 745 N.W.2d 719, 721 (Iowa 2008)).

To establish prejudice, the applicant must prove "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. It is not enough to show the breach had only some effect on the outcome, as nearly any act or omission by counsel results in some change to the outcome one way or another, but not necessarily in a way that would undermine its reliability. *See id.* at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Sellers first contends his trial counsel were ineffective because they were unprepared to try his case and coerced him to proceed with a bench trial on the minutes. At the postconviction trial, Sellers testified he did not believe his lawyers were prepared for trial. He was unaware of any defense strategy. His lawyers had not informed him of any work done on his case leading up to trial. Sellers testified his lawyers repeatedly pressured him to proceed to a bench trial on the minutes. He noted his jury trial was set for the Monday following the Friday on which he finally agreed to trial on the minutes. Sellers testified he reluctantly agreed to proceed as recommended: "I really didn't see any evidence of them preparing any kind of defense. . . . I didn't see them accepting my doing anything other than what they [were] suggesting, you know. I didn't see how I

had a chance at a trial with them if they [weren't] going to do anything to defend me, you know."

Sellers next contends his lawyers were ineffective in failing to discredit jailhouse informant Larry Cox. Sellers and Cox were held in the same pod at the jail. Sellers told Cox he assaulted Welch and knocked her unconscious. *See Sellers*, 2013 WL 105281, at *2. Sellers told Cox he left Welch unconscious and unattended on the floor for several hours before calling for assistance so he could think of a way to explain her injuries. *See id.* He also told Cox he pressured Welch's family to discontinue Welch's life support "out of fear that she would regain consciousness and remember what had occurred." *Id.* In his postconviction testimony, Sellers claims Cox exaggerated what Sellers told him. Sellers also believed Cox's statements were inconsistent with the medical evidence in the case.

Although Sellers's claims appear different, they are essentially the same. He essentially contends his trial counsel were ineffective in recommending Sellers proceed with a bench trial on the minutes of testimony to the amended charges rather than trial by jury on the murder charge. On de novo review, it is clear Sellers's counsel's advice was a strategic decision made upon investigation of the law and the relevant facts. "[S]trategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . .'" *Ledzema v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (quoting *Strickland*, 466 U.S. at 690). Such is the case here. For this reason alone, the claims fail. Nonetheless, we discuss them in some greater detail.

Like the district court, we conclude Sellers failed to establish a breach of duty. On de novo review of the record, we find adequate evidence Sellers's lawyers were prepared for trial. They discussed the case and trial strategy with Sellers, including discussions regarding the burden of proof and raising the defenses of intoxication or diminished responsibility. They conducted discovery, including depositions at which Sellers was present. They prepared for a potential jury trial up until the time of the trial on the minutes. Sellers himself testified he aided his lawyers with trial preparation. Further, there is no evidence Sellers was coerced into proceeding with a trial on the minutes of testimony. The district court conducted a thorough colloquy with the defendant regarding the waiver of his right to jury trial and his desire to proceed to a bench trial on the amended charges. Sellers repeatedly confirmed he understood the procedure and was comfortable moving forward after consultation with his attorneys. During the colloquy, Sellers specifically acknowledged he had not been threatened or coerced in waiving his right to jury trial. During his postconviction trial, Sellers admitted he was not forced to proceed with the bench trial, but he stated he had few good options. "[N]o accused wants to be charged with crime," but the fact the defendant was forced to choose between two alternatives, neither of which he liked, does not make his choice involuntary within the meaning of the law. *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998).

We also conclude there was no breach of duty in failing to proceed with the jury trial and attack Cox's credibility. Cox was a credible witness. Sellers's lawyers deposed Cox and determined he would present to the jury as a credible witness. In addition, Cox possessed non-public information that would bolster his

credibility. *See Sellers*, 2013 WL 105281, at *2. Both of Sellers's trial attorneys testified they compared Cox's statements to the medical examiner's testimony. One lawyer testified they were consistent, and the other lawyer was not expressly asked whether the two accounts were consistent. The defense team looked into other ways to impeach Cox but ultimately concluded his testimony would be damning. Even if this strategy was miscalculated, we are reluctant to second-guess miscalculated trial strategies. *See Lado*, 804 N.W.2d at 251. "Ineffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (quoting *Ledezma*, 626 N.W.2d at 142). Here, both attorneys were diligent in their representation. They did not breach an essential duty in recommending Sellers agree to a trial on the minutes, which came with reduced charges, instead of a jury trial on a greater charge that would have allowed them to cross-examine Cox.

In his appeal brief, Sellers argues his lawyers were ineffective in allowing the district court to consider Cox's testimony during the trial on the minutes of testimony. Sellers argues Cox obtained the information from Sellers in violation of *State v. Marshall*, 882 N.W.2d 68 (Iowa 2016). This issue was not presented to the district court, and the issue is not preserved for appellate review. *See Segura v. State*, 889 N.W.2d 215, 219 (Iowa 2017). We do not consider the issue.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**