# IN THE COURT OF APPEALS OF IOWA

No. 23-1053
Filed October 16, 2024

**HAROLD EUGENE MEYER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Charles Sinnard, Judge.

A sex offender appeals the denial of his application to end his registration obligation. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Tabor, C.J., and Greer and Schumacher, JJ.

**TABOR, Chief Judge.**

Harold Meyer appeals the denial of his request to modify his status on the sex offender registry.  The district court determined that Meyer was not eligible for modification under Iowa Code section 692A.128(2)(b) (2022) because he did not complete required sex offender treatment programs.  Meyer argues that he was not required to attend sex offender treatment while incarcerated under the reasoning of two Iowa Supreme Court cases from 2009 addressing eligibility for earned time.  But those cases are not controlling.  Because substantial evidence supports the district court's determination that Meyer was required to participate in sex offender treatment and refused, he did not meet the threshold test for modification.  We thus affirm the denial of his request to end his registration requirement.

## I.      Facts and Prior Proceedings

In 1998, Meyer pleaded guilty to first-degree burglary, third-degree kidnapping, false imprisonment, and third-degree sexual abuse.  The district court imposed concurrent terms not to exceed twenty-five years.

While incarcerated, the Iowa Department of Corrections (DOC) informed Meyer that he needed to complete the Sex Offender Treatment Program (SOTP) because he was convicted of a sexual offense.  In 2007, Meyer signed a refusal form that outlined his requirement to complete SOTP.  Later, the fifth judicial district department of correctional services prepared an assessment report showing Meyer did not complete the required programming.

Meyer discharged his sentence in 2009.  That same year, his requirement to register as a sex offender began.

More than a decade later, Meyer applied to modify his registration requirement under section 692A.128.  In 2023, the district court denied Meyer's application, finding Meyer failed to satisfy a threshold criterion for modification.  The unfulfilled condition was Meyer's failure to complete the required SOTP while incarcerated.  Meyer appeals.

## II. Scope and Standard of Review

We review the district court's interpretation of section 692A.128 for the correction of legal error.  *Fortune v. State*, 957 N.W.2d 696, 702 (Iowa 2021).  We review its findings of fact for substantial evidence; those findings bind us if supported by the record.  *See State v. Smith*, 926 N.W.2d 760, 762 (Iowa 2019).

## III. Analysis

Section 692A.128 governs the modification of sex-offender registration requirements.  That statute allows sex offenders to apply for modification if they meet these five requirements.

> *a.* The date of the commencement of the requirement to register occurred at least two years prior to the filing of the application for a tier I offender and five years prior to the filing of the application for a tier II or tier III offender.
> *b.* The sex offender has successfully completed all sex offender treatment programs that have been required.
> *c.* A risk assessment has been completed and the sex offender was classified as a low risk to reoffend.  The risk assessment used to assess an offender as a low risk to reoffend shall be a validated risk assessment approved by the department of corrections.
> *d.* The sex offender is not incarcerated when the application is filed.
> *e.* The director of the judicial district department of correctional services supervising the sex offender, or the director's designee, stipulates to the modification, and a certified copy of the stipulation is attached to the application.

Iowa Code § 692A.128(2)(a)–(e).

When an offender seeks modification, the district court may hold a hearing to probe whether the offender met those gateway elements. *Fortune*, 957 N.W.2d at 705. The court must consider the factors together, and if any are not satisfied, the court must deny modification as a threshold matter. *Id.*

At issue here is the second element—completion of required treatment programs. That issue turns on what the legislature meant by "required" treatment programs. Meyer argues the DOC could not require him to complete SOTP under the rationale of *State v. Iowa Dist. Ct. for Henry Cnty.*, 759 N.W.2d 793 (Iowa 2009), and *Holm v. Iowa Dist. Ct.*, 767 N.W.2d 409 (Iowa 2009). Those cases addressed Iowa Code section 903A.2, which authorizes sentence reductions for good conduct and satisfactorily participating in specified programs. Those reductions are known as "earned time." *Iowa Dist. Ct. for Henry Cnty.*, 759 N.W.2d at 795. The supreme court held that 2001 and 2005 amendments to section 903A.2—making offenders ineligible for earned-time credits if they did not complete SOTP—violated the ex post facto clause applied to inmates incarcerated before 2001. *Id.* at 802. In *Holm*, the court clarified that the amendments did not violate the ex post facto clause when applied to inmates incarcerated before the 2005 amendment but after the 2001 amendment. 767 N.W.2d at 418.

Meyer contends that those cases erase any requirement that he participate in SOTP as a condition of modification under section 692A.128(2)(b). According to Meyer, because his incarceration began before 2001, he was not required to complete SOTP. Meyer points to a DOC form he received in 2007 that referenced the 2005 amendment to section 903A.2. That form advised that he needed to

complete SOTP otherwise he would stop accruing earned time.[1]  Since that form relied on the earned-time amendment—found to be unconstitutional—Meyer contends it cannot serve as the source of the SOTP requirement for the registration statute.  In other words, Meyer argues that he should not have been required to participate in SOTP to qualify for modification under section 692A.128(2)(b).

Meyer's reliance on *Iowa Dist. Ct. for Henry Cnty.* is misplaced.  Its ex post facto analysis applies only to limitations on earned time for failing to complete SOTP.  *See* 759 N.W.2d at 799–802 (discussing section 903A.2).  Neither *Iowa Dist. Ct. for Henry Cnty.* nor *Holm* speak to the constitutionality of requiring SOTP. Instead, those cases concern the constitutionality of denying an inmate earned time credits for failing to complete SOTP if incarcerated before 2001.  *See id.* at 793; *Holm*, 767 N.W.2d at 409.  In fact, *Iowa Dist. Ct. for Henry Cnty.* makes this distinction apparent:

> [The inmate] does not claim that requiring him to participate in the SOTP is itself a violation of the Ex Post Facto Clause.  *Cf. Schreiber v. State*, 666 N.W.2d 127, 130 (Iowa 2003) (holding statute requiring inmates to submit blood specimens for DNA profiling did not violate the prohibition against ex post facto laws).  Nor does he claim he could not be disciplined in some manner for unsatisfactory participation.  *Cf. id.* (holding imposition of discipline for refusal to supply blood specimen did not violate Ex Post Facto Clause).  [He] only claims his unsatisfactory performance cannot, consistent with the Constitution, lengthen his sentence by reducing his ability to earn credits that he could have earned under the statutory scheme in effect at the time he committed his offense.

759 N.W.2d at 796 n.4.

---

[1] The form was titled "Mt. Pleasant Correctional Facility Sex Offender Treatment Program Refusal Form."

In defending the district court's ruling, the State argues the DOC had authority to "require" Meyer to participate in SOTP. It just could not deny him earned time based on his refusal. The difference is important. Reducing earned-time credits would make the punishment for his crimes more onerous in violation of the ex post facto clause. *See id.* at 803. But the requirement of SOTP—standing alone—did not have "a definite, immediate, or automatic effect on the range of [his] punishment." *Smith v. State*, No. 08-0362, 2008 WL 5235548, at *3 (Iowa Ct. App. Dec. 17, 2008) (citing *Atwood v. Vilsack*, 725 N.W.2d 641, 651 (Iowa 2006)).[2] We agree with the State's argument.

We now turn to whether there was substantial evidence in the record that Meyer was required to participate in SOTP and refused to do so. On this point, Meyer relies on *State v. Todd*, No. 19-2001, 2021 WL 3075756, at *1 (Iowa Ct. App. July 21, 2021). After serving his sentence for third-degree sexual abuse from 1998 to 2002, Hubert Todd applied to modify his sex offender registry obligation in 2018. *Id.* The State resisted, asserting Todd did not satisfy the requirement for modification under section 692A.128(2)(b). *Id.* At the modification hearing, Todd argued he was never "required" to participate in SOTP. *Id.* at *2. The district court sided with the State. *Id.*

We reversed because nothing in the record showed that Todd *was* required to participate in SOTP. *Id.* at *5. Instead, the Iowa Department of Correctional Services (DCS) "recommended" that Todd complete SOTP treatment after his incarceration. *Id.* Because neither Todd's sentencing order nor the DCS post-

---

[2] Neither is the sex offender registration requirement considered punitive. *State v. Pickens*, 558 N.W.2d 396, 399–400 (Iowa 1997).

discharge report required SOTP and merely suggested treatment, section 692A.128(2)(b) did not prevent modification. *Id.*

Meyer's situation is different. The refusal form that he signed in 2007 shows he was required to engage in SOTP and declined. The form's first paragraph provides that inmates who have a sexual offense conviction "will be required to participate in the Sex Offender Treatment Program (SOTP) offered by the Department of Corrections." Granted, the form then references the earned time ineligibility found to violate the ex post facto clause. But that reference to an unenforceable consequence of his refusal does not mean that Meyer was not required to complete SOTP. Because substantial evidence shows the DOC could and did require Meyer to participate in SOTP and he refused, he was not eligible to modify his registration obligations under section 692A.128(2)(b). The district court did not err in denying his request.

**AFFIRMED.**