**STATE of Iowa, Appellee,**

v.

**Donald A. CORWIN, Appellant.**

**No. 99–207.**

Supreme Court of Iowa.

Sept. 7, 2000.

James P. Piazza, Jr., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney

General, John P. Sarcone, County Attorney, and Odell McGhee, Assistant County Attorney, for appellee.

■

NEUMAN, Justice.

Donald Corwin stands convicted of two counts of homicide by vehicle. The question is whether, on remand for resentencing from a prior appeal, the district court erred by adding two $150,000 judgments for restitution to Corwin's sentence pursuant to Iowa Code section 910.3B (Supp. 1997), a statute enacted in the interim. We hold the court's application of the new statute to Corwin offended constitutional proscriptions against ex post facto laws. We therefore vacate that portion of the judgment and remand for a corrected sentence.

The facts are not disputed. In March 1996, Corwin drove while intoxicated and caused a two-car collision that resulted in two deaths. He subsequently pled guilty to two counts of homicide by vehicle. *See* Iowa Code § 707.6A(1) (1995). The district court imposed two consecutive ten-year terms of imprisonment. Corwin appealed, claiming the court failed to give adequate reasons for imposing consecutive sentences.

In an unpublished opinion dated November 3, 1997, this court vacated Corwin's sentence and remanded the case to the district court for resentencing. In the meantime, Corwin had settled the wrongful death and consortium claims brought by the accident victims' estates. Pertinent to this appeal, the legislature had also enhanced the penalty for vehicular homicide and other felonies involving the death of the victim. Effective July 1, 1997, an offender convicted of a felony causing death was required to pay a minimum of $150,000 in restitution to the victim's estate. *See* 1997 Iowa Acts ch. 125, § 11 (now codified at Iowa Code § 910.3B (1999)).

The State moved to amend Corwin's sentence on remand to include restitution under Iowa Code section 910.3B. Corwin resisted enforcement of the new statute, claiming—among other things—that its application to him would violate fundamental rules prohibiting ex post facto laws. The district court rejected Corwin's contentions and this appeal followed.

## I. Scope of Review.

■ Because Corwin's challenge to the applicability of section 910.3B raises a constitutional question, our review is de novo. *Hills v. Iowa Dep't of Transp.*, 534 N.W.2d 640, 641 (Iowa 1995).

## II. Issue on Appeal.

■ The district court imposed the substantial restitution mandated by section 910.3B over Corwin's protest that applying the new statute to offenses committed prior to its enactment violated the Ex Post Facto Clauses of our federal and state constitutions. *See* U.S. Const. art. I, § 10; Iowa Const. art. I, § 21. These constitutional provisions forbid the application of a new punitive measure to conduct already committed. *State v. Klindt*, 542 N.W.2d 553, 554 (Iowa 1996). The clauses are also violated when a statute makes more burdensome the punishment for a crime after its commission. *Id.* Purely civil penalties, however, are not subjected to such restrictions. *See Hills*, 534 N.W.2d at 641 ("civil penalties do not violate ex post facto clauses, even though their penalties may be retroactive and more burdensome"). Thus the controlling question is "whether the legislative aim was to punish that individual for past activity" or merely to impose some restriction on the individual "as a relevant incident to a regulation of a present situation." *State v. Pickens*, 558 N.W.2d 396, 398 (Iowa 1997) (quoting *De Veau v. Braisted*, 363 U.S. 144, 160, 80 S.Ct. 1146; 1155, 4 L.Ed.2d 1109, 1120 (1960)).

■ The State argued in the district court, and now urges on appeal, that sec-

tion 910.3B is remedial in nature, not punitive, so the court was correct to reject Corwin's ex post facto argument. Since the entry of the district court's decision, however, this court has found that section 910.3B bears the hallmarks of a penal statute. *State v. Izzolena*, 609 N.W.2d 541, 549 (Iowa 2000). We observed that the statute "reveals several punitive elements," *see id.* at 548, and concluded it serves not only a remedial purpose but accomplishes the goals of retribution and deterrence normally associated with punishment. *Id.* at 549. We thus characterized the statute's minimum threshold of $150,000 as a "fine" subject to scrutiny under the Excessive Fines Clauses of our federal and state constitutions. *Id.*

Our decision in *Izzolena* controls the case before us. Although focused on an Excessive Fines Clause challenge, our analysis in *Izzolena* rested on the premise that the legislative aim of section 910.3B was to enhance the punishment for crimes resulting in death, thereby deterring such conduct in others. That analysis applies with equal force to Corwin's ex post facto challenge. Given section 910.3B's purpose, the State was not at liberty to seek enforcement of the statute's penalty in connection with a crime that predated its enactment. *See Hills*, 534 N.W.2d at 642 (where essential aim of amended sentencing statute is punitive, ex post facto principles prohibit its application to offenses committed before its effective date).

The crimes for which Corwin stands convicted were committed in 1996. Section 910.3B was enacted in 1997. Because section 910.3B makes more burdensome the penalty suffered by Corwin for crimes he committed before the statute was enacted, it cannot be applied to him without violating constitutional norms. We therefore vacate that portion of the district court's sentence that mandated restitution under section 910.3B and remand for the entry of a corrected judgment.

**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.**