Benjamin E. SCHREIBER, Gentric
Hicks, Bobby Smith, and Archie
Bear, Appellants,

v.

STATE of Iowa, Appellee.

No. 01–1192.

Supreme Court of Iowa.

July 16, 2003.

Benjamin E. Schreiber, Fort Madison,
pro se, for appellants.

Thomas J. Miller, Attorney General, and
Forrest Guddall, Assistant Attorney General, for appellee.

LARSON, Justice.

These petitioners challenge Iowa's mandatory DNA testing statute, Iowa Code § 13.10 (1999) (as amended by S.F. 2324, 78th G.A. § 1122), on several constitutional grounds. The district court rejected their arguments, and so do we.

## I. *Facts and Prior Proceedings.*

These petitioners were, at the time the petition was filed, all prisoners at the Iowa State Penitentiary in Fort Madison. In December 2000 they petitioned for judicial review to challenge the constitutionality of Iowa Code section 13.10, which requires inmates who have been convicted of certain offenses to submit a blood specimen for DNA profiling. The court granted the defendants' (collectively the State's) motion to dismiss the judicial review petition, and the petitioners appealed.[1]

## II. *The Statute.*

Iowa Code section 13.10 provides:

**Physical criminal evidence—DNA profiling.**

---

1. The State raises an issue concerning the status of some of the defendants as "agencies" for judicial review purposes. Because

we reject the petitioners' claims as a matter of law, we do not address this procedural issue.

1. The attorney general shall adopt rules in consultation with the division of criminal investigation, department of public safety, for the purpose of classifying felonies and indictable misdemeanors which shall require the offender to submit a physical specimen for DNA profiling upon confinement in or prior to release from a county jail, upon commitment to the custody of the director of the department of corrections, or prior to discharge of sentence, or as a condition of probation. Factors to be considered shall include the deterrent effect of DNA profiling, the likelihood of repeated violations, and the seriousness of the offense. The offenses that require the offender to submit a physical specimen for DNA profiling shall include but are not limited to the following:

a. Murder in violation of section 707.2 or 707.3.

b. Attempt to commit murder in violation of section 707.11.

c. Kidnapping in violation of section 710.1, 710.2, or 710.3.

d. Sexual abuse in violation of section 709.2, 709.3, or 709.4.

e. Assault with intent to commit sexual abuse in violation of section 709.11.

f. Assault while participating in a felony in violation of section 708.3.

g. Burglary in the first degree in violation of section 713.3.

2. The division of criminal investigation shall carry out DNA profiling of submitted physical specimens. The division may contract with private entities for DNA profiling. *"DNA profiling"* means the procedure established by the division of criminal investigation, department of public safety, for determining a person's genetic identity.

### III. *The Issues.*

The petitioners argue that the statute is unconstitutional on ex post facto grounds because they had not been sentenced to have their DNA taken. (The statute was passed after their incarcerations.) They also allude to other possible issues on appeal, including that (1) they were denied equal protection; (2) the statute violates their First Amendment right to the free exercise of religion; and (3) it violates a federal statute, 42 U.S.C. § 2000cc–1–(a), addressing freedom of religion. However, the petitioners did not raise either the First Amendment or federal statutory arguments in the district court, and they have therefore waived them. In addition, while the petitioners allude to equal protection in one sentence in their appellate brief, they do not present an argument on the issue, and it could be deemed waived. *See* Iowa Ct. R. 6.14(1)(*c*) ("Failure in the brief to state, to argue or to cite authority in support of an issue may be deemed [a] waiver of that issue."). In any event, other courts that have considered equal-protection arguments have rejected them, applying rational-basis scrutiny. *See, e.g., Roe v. Marcotte,* 193 F.3d 72, 82 (2d Cir. 1999); *Gaines v. State,* 116 Nev. 359, 998 P.2d 166, 174 (2000); *State v. Olivas,* 122 Wash.2d 73, 856 P.2d 1076, 1087 (1993). We reject the equal-protection argument and confine our analysis to the ex post facto claims.

### IV. *The Ex Post Facto Argument.*

The petitioners claim the statute violates the ex post facto provisions of the United States and Iowa Constitutions. The State responds primarily that the statute is not a violation of the ex post facto clauses because it is not punitive. Under the Federal Constitution, Article I, Section 10: "No state shall ... pass any ... ex post facto law...." Similarly, the Iowa Constitution

provides, "No ... ex post facto law ... shall ever. be passed." Iowa Const. art. I, § 21.

The Supreme Court has stated that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*

*Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216, 217 (1925). Addressing both the state and federal constitutions, we have said the "constitutional provisions forbid the application of a new punitive measure to conduct already committed. The clauses are also violated when a statute makes more burdensome the punishment for a crime after its commission." *State v. Corwin*, 616 N.W.2d 600, 601 (Iowa 2000) (citation omitted).

■ A statute is punitive, for ex post facto purposes, if its intent is to punish for past activity and not merely to impose a restriction on someone "as a relevant incident to a regulation of a present situation." *State v. Pickens*, 558 N.W.2d 396, 398 (Iowa 1997) (quoting *De Veau v. Braisted*, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109, 1120 (1960)); *accord Corwin*, 616 N.W.2d at 601. The statute at issue in *Pickens*, regarding Iowa's sexual-offender registry, is analogous to the DNA database statute. In *Pickens* the statute provided for the offender's registration and, in some cases, the dissemination of the information. *See Pickens*, 558 N.W.2d at 400. The registration statute in *Pickens*, we said, was "motivated by concern for public safety, not to increase the punishment." *Id.* The rationale for our DNA statute and parameters for its application are apparent in the statute itself, which

provides that it should be applied in light of "the deterrent effect of DNA profiling, the likelihood of repeated violations, and the seriousness of the offense." Iowa Code § 13.10.

The Supreme Court upheld Alaska's sex-offender registry against an ex post facto law and provided this rationale:

We must ascertain whether the legislature meant the statute to establish civil proceedings. If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil. Because we ordinarily defer to the legislature's stated intent, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

*Smith v. Doe*, 538 U.S. ——, ——, 123 S.Ct. 1140, 1146–47, 155 L.Ed.2d 164, 176 (2003) (internal quotations and citations omitted). Other courts have rejected ex post facto arguments in DNA database cases on the ground the statutes are not punitive in nature. *See, e.g., Shaffer v. Saffle*, 148 F.3d 1180, 1182 (10th Cir.1998); *Rise v. Oregon*, 59 F.3d 1556 (9th Cir. 1995); *Gilbert v. Peters*, 55 F.3d 237 (7th Cir.1995).

In *Gilbert* the prisoners claimed that imposing prison discipline for refusing to comply with a DNA test violated the Ex Post Facto Clause. The court rejected the argument, holding that the sanctions applied were disciplinary measures resulting from the prisoners' refusal to comply, and not punishment for the commission of the original crime. *Gilbert*, 55 F.3d at 239.

We agree with these courts in interpreting the Iowa statute. Its underlying purpose is not punitive. In fact, if the petitioners commit no further crimes, it will have no effect on them. Rather, the intent of the statute is to promote public safety. Additionally, any prison sanctions that may be applied for refusing to provide a specimen would not be ex post facto punishment because the sanctions do not enhance the sentence imposed by the court for the offense originally committed. *Id.*

While the fourth circuit in *Jones v. Murray*, 962 F.2d 302 (4th Cir.1992), found the Virginia statute to violate the Ex Post Facto Clause, that case and the statute it applied are distinguishable. In *Jones* the court held that "neither Virginia's blood testing requirement, itself, nor the infliction of punishment within the terms of the prisoners' original sentence for a violation of the requirement, is ex post facto." *Jones*, 962 F.2d at 310. However, the court found a portion of the statute, which deferred a prisoner's mandatory release date until the prisoner provided a sample, created an ex post facto problem. *Id.* Iowa has no such mandatory parole provisions.

We conclude the purpose of section 13.10 is remedial, not punitive, and does not violate the Equal Protection Clauses of either the federal or state constitution.

### V. *Conclusion.*

For the reasons discussed, we reject the petitioners' ex post facto and equal-protection arguments. The remaining arguments raised on appeal have been waived by the petitioners' failure to raise them in the district court. We conclude the motion to dismiss was properly granted.

**AFFIRMED.**