# IN THE SUPREME COURT OF IOWA

No. 123 / 06-1233

Filed December 7, 2007

**STATE OF IOWA,**

    Appellant,

vs.

**BENJAMIN DAVID GROVES,**

    Appellee.

---

Appeal from the Iowa District Court for Polk County, Carol Egly, Judge.

The State appeals the dismissal of the trial information charging a defendant with violating section 692A.2A of the Iowa Code (2005). **REVERSED AND CASE REMANDED.**

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, John P. Sarcone, County Attorney, and Nan Horvat, Assistant County Attorney, for appellant.

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellee.

**WIGGINS, Justice.**

Benjamin Groves challenges the constitutionality of the statute that prohibits a sex offender from residing "within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school, or a child care facility." Iowa Code § 692A.2A (2005). The district court dismissed the trial information finding section 692A.2A violated Groves' due process rights. Because Groves failed to establish the application of section 692A.2A violates his due process rights, we reverse the decision of the district court and remand the case for trial.

### I. Background Facts and Proceedings.

On March 27, 1997, Groves was convicted of lascivious acts with a child in Polk County. In 2002, the legislature passed a statute prohibiting registered sex offenders, such as Groves, from residing "within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school, or a child care facility." 2002 Iowa Acts ch. 1157, § 1. On January 24, 2006, the State charged Groves with violating the residency restriction contained in section 692A.2A, alleging he lived within 2000 feet of a school.

Groves filed a motion to dismiss raising several constitutional challenges to section 692A.2A. The district court held a hearing on Groves' motion to dismiss. The parties did not call any witnesses or present any evidence.

The district court overruled all but one of Groves' constitutional challenges to the statute. In dismissing the trial information the court concluded, "the defendant's rights to substantive due process have been violated by the application of this statute to him." The court further found the "residency restrictions are a severe restriction of the defendant's liberty

rights" and characterized his liberty right as the "right to reside somewhere that meets basic 21st century living standards," which includes "shelter from the elements with heat, electricity, sewer or septic and running water . . . ."

The State filed its notice of appeal. In response to the State's brief, Groves only argued the statute violated his substantive due process rights. He failed to argue any of the other constitutional grounds raised in his motion to dismiss. Therefore, we will only consider his substantive due process argument. *See State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005) (deeming certain constitutional arguments waived that had been raised in Seering's motion to dismiss but not on appeal).

## II. Standard of Review.

Our review of a statute's constitutionality is de novo. *Id.* We presume statutes are constitutional and the challenger bears the burden to prove the unconstitutionality beyond a reasonable doubt. *Id.* "The challenger has the burden to demonstrate that the statute is unconstitutional by negating every reasonable basis for supporting the validity of the statute." *State v. Milner*, 571 N.W.2d 7, 12 (Iowa 1997).

## III. Analysis.

The State challenges the district court ruling that section 692A.2A violates Groves' substantive due process rights. In deciding whether one's substantive due process rights have been violated, we engage in a two-step analysis. *In re Detention of Cubbage*, 671 N.W.2d 442, 446 (Iowa 2003). The first step is to "identify the nature of the individual right involved" and determine whether that right is fundamental. *Id.* United States Supreme Court precedent demands we craft "a careful description of the asserted fundamental liberty interest." *Chavez v. Martinez*, 538 U.S. 760, 775–76,

123 S. Ct. 1994, 2006, 155 L. Ed. 2d 984, 999 (2003). "This duty arises in part from our related duty to avoid constitutional questions not necessary to the resolution of an appeal." *Seering*, 701 N.W.2d at 663 (citing *State v. Button*, 622 N.W.2d 480, 485 (Iowa 2001)).

Once we identify the nature of the right, the second step is to apply the appropriate test. If we determine the right is fundamental, then we will apply strict scrutiny. *Id.* Strict scrutiny requires us to determine whether the statute is narrowly tailored to serve a compelling state interest. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 238 (Iowa 2002). If we determine a fundamental right is not implicated, we apply a rational basis review. *Id.* Under a rational basis analysis, a statute is constitutional if we find a "reasonable fit between the government interest and the means utilized to advance that interest." *Id.*

The only right Groves raises in this appeal is the same right discussed by the district court in its opinion—the right to reside somewhere that meets basic 21st century living standards. Both the Eighth Circuit Court of Appeals and our court have previously reviewed substantive due process challenges to this statute. *Doe v. Miller*, 405 F.3d 700, 709–16 (8th Cir. 2005); *Seering*, 701 N.W.2d at 662–65. In *Doe*, the plaintiffs asked the Eighth Circuit to find a fundamental right to choose where one lives; however, the court found no such fundamental right exists. *Doe*, 405 F.3d at 713–14. In *Seering*, the defendant asked our court to find a fundamental right to choose where and under what conditions one lives. *Seering*, 701 N.W.2d at 662–63. We found no such fundamental right exists. *Id.* at 663–65.

In the present case, we find the right to reside somewhere that meets basic 21st century living standards is no different from the right to choose

where and under what conditions one lives. Accordingly, the right Groves asserts in his brief is not a fundamental right. Therefore, for section 692A.2A to withstand Groves' constitutional challenge, there must only be a reasonable fit between the government interest and the means utilized to advance that interest.

Two years ago the Eighth Circuit and this court found the statute withstood constitutional challenges under the rational basis test. *Doe*, 405 F.3d at 716; *Seering*, 701 N.W.2d at 665. Under the record presented in this appeal, we also find the statute to withstand Groves' constitutional challenge.

Groves chose not to present any evidence in the district court regarding the impact the statute had on him. Without such evidence, we are unable to determine whether the statute precludes him from residing somewhere that meets basic 21st century living standards.

Contrary to the State's argument, when applying a rational basis test under the Iowa Constitution, changes in the underlying circumstances can allow us to find a statute no longer rationally relates to a legitimate government purpose. *See Bierkamp v. Rogers*, 293 N.W.2d 577, 581 (Iowa 1980) (stating "changes in underlying circumstances may vitiate any rational basis" and "the passage of time may call for a less deferential standard of review as the experimental or trial nature of legislation is less evident"). However, Groves failed to present any evidence that would cause us to retreat from our decision in *Seering*. Therefore, we must conclude Groves has failed to establish the statute does not rationally advance some legitimate government purpose.

**IV. Disposition.**

Because Groves failed to establish the application of section 692A.2A violated his due process rights, we reverse the decision of the district court and remand the case for trial.

**REVERSED AND CASE REMANDED.**