# IN THE COURT OF APPEALS OF IOWA

No. 13-2050
Filed October 15, 2014

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CAZMIERE DESHAWN GRAVES,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Mark J. Smith,
Judge.

     Cazmiere Graves appeals from his sentencing following his plea of guilty
to intimidation with a dangerous weapon as a youthful offender.  **AFFIRMED.**

     Clayton Grueb, Davenport, for appellant.

     Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney
General, Michael J. Walton, County Attorney, and Dion Trowers, Assistant
County Attorney, for appellee.

     Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Cazmiere Graves appeals from his sentencing following his plea of guilty to intimidation with a dangerous weapon in violation of Iowa Code section 708.6 as a youthful offender.

### I. Factual and Procedural Background

On May 7, 2011, fifteen-year-old Graves and his friends entered into an argument with another group at a ballroom venue in Davenport. Graves was driving while one of his passengers fired a gun from the vehicle. One fatality and two other shooting injuries resulted. On October 7, 2011, Graves pleaded guilty as a youthful offender to intimidation with a dangerous weapon, a class "C" felony. Sentencing was deferred as provided by the youthful offender statute, Iowa Code section 907.3A; Graves was place on youthful offender status and his supervision was transferred to the juvenile court.

Throughout the next several years, Graves struggled through several youthful offender programs. He was first committed to the state training school. In January 2012, in violation of the terms of his home pass he travelled to Rock Island, Illinois, where he was present when a friend was fatally shot. He was later transferred to a supervised apartment-living program from which he absconded. He threatened a staff member there. He was released to his mother's custody. He absconded from his mother's residence. His mother conceded that she could not control him. Graves was actively involved in gang life. He was eventually charged with possession of a firearm by a felon and assault while participating in a felony. He was arrested in September 2013 following a high-speed chase with police.

Upon his eighteenth birthday Graves was transferred back to the district court from the juvenile court, pursuant to Iowa Code section 907.3A(2) for a determination as to whether he should continue on youthful offender status. On December 12, 2013, the district court sentenced Graves to a period of incarceration not to exceed ten years on the 2011 intimidation charge. Graves appeals, claiming the statute controlling the district court's sentencing options in 2013 is an ex post facto law in violation of the federal and state constitutions. He also claims the district court abused its discretion by imposing a ten-year sentence without a sufficient statement of its reasons for its sentence.

## II. Standard and Scope of Review

The challenge of a statute as an ex post facto law is a constitutional question and is reviewed de novo. *State v. Corwin*, 616 N.W.2d 600, 601 (Iowa 2000). Challenges to the district court's sentence are reviewed for an abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

## III. Ex Post Facto Claim

Both the federal and state constitutions prohibit the passage of an ex post facto law. U.S. Const. art. I, § 10; Iowa Const. art I, § 21. Our supreme court has explained that both constitutional provisions are "violated when a statute makes more burdensome the punishment for a crime after its commission." *Corwin*, 616 N.W.2d at 601.

The controlling statute in this case was amended after the commission of the crime.[1] The amended version of the statute, Graves asserts, "limited the

---

[1] The controlling statute is Iowa Code section 907.3A(3). At the time of the commission of the crime, the statute read:

judge's options," which "did increase the possible quantum of punishment" he faced.[2]

However, Graves has failed to demonstrate that the amended language makes the punishment for his crime more burdensome.  Under the 2009 statute, the district court had three options: (1) "continue the . . . deferred sentence"; (2) "enter a sentence"; or (3) enter "a suspended sentence."  Iowa Code § 907.3A(3) (2009).  These three options were retained in the amended statutory language in subsections 907.3A(3)(a)(2), (3), and (4) respectively.

---

> Notwithstanding any provision of the Code which prescribes a mandatory minimum sentence for the offense committed by the youthful offender, following transfer of the youthful offender from the juvenile court back to the court having jurisdiction over the criminal proceedings involving the youthful offender, the court may continue the youthful offender deferred sentence or enter a sentence which may be a suspended sentence.

Iowa Code § 907.3A(3) (2009).  The amended provision in force at the time of sentences reads:

> Notwithstanding any provision of the Code which prescribes a mandatory minimum sentence for the offense committed by the youthful offender, following transfer of the youthful offender from the juvenile court back to the court having jurisdiction over the criminal proceedings involving the youthful offender, the court shall order one of the following sentencing options:
>
> (1) Defer judgment and place the youthful offender on probation, upon consent of the youthful offender.
> (2) Defer the sentence and place the youthful offender on probation upon such terms and conditions as the court may require.
> (3) Suspend the sentence and place the youthful offender on probation upon such terms and conditions as the court may require.
> (4) A term of confinement as prescribed by law for the offense.
> (5) Discharge the youthful offender from youthful offender status and terminate the sentence.

Iowa Code § 907.3A(3)(a) (2013).

[2] The State argues that Graves has not preserved his claim for appeal because the district court did not rule on it.  However, our supreme court has noted that an appellant's claim of an ex post facto violation is an argument that the statute "cannot be constitutionally applied to him," which "is a claim that the sentence is inherently illegal." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010).  "Where . . . the claim is that the sentence itself is inherently illegal, whether based on constitution or statute, . . . the claim may be brought at any time."  *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009).  We therefore reach the merits of Graves's claim.

Under the amendments, the district court was afforded two additional options. First, it could have deferred judgment under section 907.3A(3)(a)(1). Second, it could have discharged Graves from his youthful offender status and terminated the sentence entirely under section 907.3A(3)(a)(5). Neither of these additions limited the district court's options as Graves claims,[3] but in fact expanded its options in Graves's favor. The amended statute does not make punishment for Graves's past crime more burdensome, and its application to Graves therefore does not violate the ex post facto clause of the federal or state constitution.[4]

**IV. Abuse of Discretion**

Graves next contends the district court abused its discretion by sentencing Graves to the ten-year term and erred by failing to sufficiently state its reasons for the sentence. The two claims are related, Graves asserts, because the failure to sufficiently state its reasons shows the district court failed to consider

---

[3] Graves asserts the pre-amendment statute provides that "the judge was free to issue *any sentence*" (emphasis added). This interpretation of the pre-amendment statute is not supported by case law, and would lead to an absurd result: complete unfettered judicial sentencing discretion when sentencing juvenile offenders. Because "we will not construe a statute in a way that creates an impractical or absurd result," Graves's interpretation of the pre-amendment statutory language does not support his case on appeal. *State v. Tesch*, 704 N.W.2d 440, 451 (Iowa 2005) (citations omitted).

[4] We also note that there is nothing in the record to indicate that the district court did in fact apply the amended statute rather than the pre-amendment statute. Graves did not request the district court to enlarge or amend its order for clarification. The court's sentence was equally within the court's discretion under the pre-amendment statute, so on the record before us it is possible that the amended statute was not even applied below.

certain factors in its sentencing decision.[5]  That failure, he claims, gives rise to an abuse of discretion.[6]

The district court was required to "state on the record its reason for selecting the particular sentence."  Iowa R. Crim. Pro. 2.23(3)(d).  The court thoroughly did so and thereby committed no error.  Contrary to Graves's claim, the rules do not require that the court "expressly state that [it is] considering the teachings and analysis" derived from any particular case.  To the contrary, "the reasons need not be detailed," and the explanation may be "cursory" so long as it allows for meaningful appellate review.  *Barnes*, 791 N.W.2d at 827.

The district court's stated reasons for its sentencing decision included Graves's failure to show positive progress during his years as youthful offender in spite of the services offered to him, the fatal results of the crime to which he pleaded guilty, and his continuing criminal actions resulting in adjudication as a juvenile.  The court acknowledged Graves's classification as a youthful offender and demonstrated that it did consider Graves's age, background, and potential for rehabilitation.[7]  The sentence was within the court's statutorily granted discretion for a youthful offender convicted of a class "C" felony, and the court did not abuse its discretion by sentencing Graves to a maximum ten-year term of incarceration.

---

[5] Graves cites to *Miller v. Alabama*, 132 S.Ct. 2455 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), and *Roper v. Simmons*, 543 U.S. 551 (2005), to claim that the district court must consider factors including Graves's age, role in the crime, and upbringing.

[6] "An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (citations omitted).

[7] The court stated in part, "[Graves] did not do what the youthful offender statute is designed to do, and that's to indicate to the Court that [he's] not going to commit future crimes and be a harm to the community.  And given that fact, the Court feels that a period of incarceration is warranted."

**V. Conclusion**

As it would apply to Graves, the amended statutory language of Iowa Code section 907.3A(3) does not violate the constitutional ex post facto clause. The district court neither erred in its recitation of reasons for its sentencing decision nor abused its discretion in sentencing Graves to a term of incarceration not to exceed ten years.

**AFFIRMED.**