# IN THE COURT OF APPEALS OF IOWA

No. 15-0403
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEWART DROSTE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Stewart Droste appeals from his convictions for three counts of sexual abuse in the second degree, one count of sexual abuse in the third degree, and four counts of incest. **CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Stewart Droste appeals from the district court's findings of guilt on three counts of second-degree sexual abuse, one count of third-degree sexual abuse, and four counts of incest following a bench trial. *See* Iowa Code §§ 709.1(3), 709.3(1)(b), 709.4(1)(a), 726.2.[1] We affirm the convictions, but conclude the imposition of the mandatory minimum sentences on Counts I through III constitutes an ex post facto application of 1996 Iowa Acts chapter 1151, section 3 (now codified at Iowa Code section 902.12(3)). Accordingly, we vacate in part the sentences for these three counts.

**I. Background Facts and Proceedings.**

The complaining witness was born in July 1987 and Droste is her father. Droste was charged in eight separate counts. Counts I through III charged Droste with sexual abuse in the second degree, each of which required the State to prove Droste performed a sex act with the child while the child was under the age of twelve years of age: Count I was alleged to have occurred July 1992 through July 1994; Count II was alleged to have occurred July 1997 through July 1998; and Count III, in July 1994 through July 1998. Count IV charged Droste with sexual abuse in the third degree, and the State had to prove that on July 2002 through July 2004, Droste committed a sex act by force or against the will of the child. Counts V, VI, VII, and VIII asserted each of the above counts also

---

[1] The conduct underlying these convictions spanned several years beginning in 1992 or 1993 and ending in 2003 or 2004. The definition of a "sex act" did not change in the relevant versions of the Iowa Code. Thus, we refer to the 2003 Iowa Code unless otherwise specified.

constituted an act of incest, that is, Droste committed a sex act with another knowing the other was related to him as a descendant.

The trial court found:

> From the time [the child] was 6 years old until after she reached the age of 16, the defendant engaged in contact with [the child] which [the child] considered to be inappropriate. [The child] was able to describe nine specific incidents of such conduct.

We set out the findings and conclusions of the trial court, including the specifics of one of the incidents, "incident 4":

> During incident number 4, [the child] and her cousin . . . were sharing the bottom bunk of a bunk bed. [Another] cousin . . . was on the upper bunk. Defendant entered the room and proceeded to give [the child] a massage beginning with her back, and then moving to the side of her chest and then down to her lower back and finally to her thighs and genitals. At this time, [the child] was wearing shorts and a T-shirt. When the defendant touched [the child]'s genitals, he did so over her shorts. [The child]'s description of this incident was corroborated by the testimony of her cousin . . . .
>
> The State argues that incident number 4 constitutes sexual abuse in the second degree and incest as charged in Counts II and VI of the trial information.
>
> . . . .
>
> [The child] further recalls that incidents similar to those set forth in incidents 1 through 8 above occurred "many, many" times but she is unable to recall the specifics of each incident. [The child] further testified that in her early elementary school years defendant would have her rub his penis over his shorts. [The child] could not recall any specifics of these incidents but stated that they did not occur very often.
>
> Defendant has been confronted regarding the allegations of [the child] and has apologized to her. Defendant has admitted that the abuse occurred on one occasion and at other times has attributed his behavior to substance abuse.
>
> . . . .
>
> Skin-to-skin contact is not required in order to establish a sex act under section 702.17. Prohibited contact may occur even though the specified body parts or substitutes are covered. *State v. Pearson*, 514 N.W.2d 452 (Iowa 1994). Prohibited contact occurs when (1) the specified body parts or substitutes touch and (2) any intervening material would not prevent the participants from

perceiving that they had touched. This determination must be made on a case-by-case basis from an objective viewpoint. *Id.* at 455. Defendant in his closing argument urges the court to adopt the position set forth in the dissent of Justice Snell in *Pearson.* The court declines to do so.

The court determines in incidents described above as incident number 1, incident 2, incident 3, incident 7, and incident 8 that the intervening material would not prevent the participants, when viewed objectively, from perceiving that they had been touched. Defendant's hand contacted [the child]'s genitals separated only by [the child]'s underwear or shorts. This minimal amount of material would not prevent a perception by the participants that contact had occurred between defendant's hand and [the child]'s genitals.

Concerning incident number 6 described above, the evidence establishes beyond a reasonable doubt that skin-to-skin contact occurred between defendant's hand and [the child]'s genitals. The court further determines that the contact between defendant and [the child] described in incidents 1, 2, 3, 6, 7 and 8 was sexual in nature. Defendant was alone with [the child] in all of the above occasions. There exists no parental, medical, or appropriate reason or explanation for the contact between defendant and [the child]. In most cases, the sexual nature of the contact is undisputed. . . . The contact between defendant and [the child] was sexual in nature and constituted a sex act pursuant to section 702.17, Code of Iowa.

. . . The evidence establishes beyond a reasonable doubt that when the incident described as incident 1 above occurred, [the child] was 6 years old. The evidence establishes beyond a reasonable doubt that when the incident described as incident 2 above occurred, [the child] was not yet in fifth grade or not yet 10 years old. The evidence establishes beyond a reasonable doubt that when the incident described as incident 3 above occurred, [the child] was not yet in fifth grade or not yet 10 years old. The State has proved beyond a reasonable doubt both elements required to be proved beyond a reasonable doubt as to the crime of sexual abuse in the second degree as charged in Counts I, II and III.

The court concluded the charges of incest also had been proved beyond a reasonable doubt.

The trial court sentenced Droste to twenty-five year indeterminate prison terms on each of the second-degree sexual abuse convictions, a ten-year indeterminate prison term for the third-degree sexual abuse conviction, and five-

year indeterminate terms for the incest convictions. The court ordered that the sentences for the second-degree sexual abuse convictions run concurrently with each other and the sentences for the four incest counts run concurrently with each other, but that the sentences for second-degree sexual abuse, third-degree sexual abuse, and incest run consecutively to each other, for a total of forty years. The court also imposed a seventy-percent mandatory minimum for the second-degree-sex-abuse convictions.

Droste appeals, contending the courts should revisit the definition of a "sex act" under Iowa Code section 702.17 and require skin-to-skin contact. He also complains that the imposition of the mandatory minimum on the second-degree sex abuse convictions constitutes an ex post facto application of a sentencing statute, which did not take effect until July 1, 1996.

## II. Scope and Standards of Review.

The appellate court reviews the district court's interpretation of a statute for correction of errors at law. *State v. Dahl*, ___ N.W.2d ___, ___, 2016 WL 280417, at *2 (Iowa 2016). We review constitutional challenges de novo. *State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005)*.

## III. Discussion.

*A. Definition of "sex act."* On appeal, the first two of Droste's assertions are premised upon this court overruling prior case law. *See State v. Capper*, 539 N.W.2d 361, 367 (Iowa 1995) (holding the offenses of lascivious acts with a child and indecent contact with a child are not lesser-included offenses of second-degree sexual abuse), *abrogated on other grounds by State v. Hawk*, 616 N.W.2d 527, 530 (Iowa 2000); *Pearson*, 514 N.W.2d at 455 (holding "skin-to-skin

contact is not required in order to establish a 'sex act' under section 702.17").[2]
We do not address these contentions because the Iowa Supreme Court has
stated that if it is to overrule prior precedent, it prefers to do so itself. *See State
v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014); *State Eichler*, 83 N.W.2d 576,
578 (Iowa 1957) ("If our previous holdings are to be overruled, we should
ordinarily prefer to do it ourselves."); *see also State v. Hastings*, 466 N.W.2d 697,
700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court
precedent.").

*B. Ex post facto.* The trial court sentenced Droste to twenty-five-year
indeterminate prison terms on each of the second-degree sexual abuse
convictions and imposed a seventy-percent mandatory minimum. *See* 1996
Iowa Acts ch. 1151, § 3 (now codified at Iowa Code section 902.12(3) (imposing
the mandatory minimum). Droste asserts the record does not establish that any
of the incidents underlying the second-degree sexual abuse convictions—
incidents 1, 2, 3, and 4—took place after the effective date of section 902.12(3),
July 1, 1996.

> Both the federal and state constitutions' Ex Post Facto
> Clauses "'forbid the application of a new punitive measure to
> conduct already committed,'" and may also be violated "'when a
> statute makes more burdensome the punishment for a crime after
> its commission.'" *Schreiber v. State*, 666 N.W.2d 127, 129 (Iowa
> 2003); *see also* U.S. Const. art. I, § 10; Iowa Const. art. I, § 21.

---

[2] In its recent decision, *State v. Alvarado*, the supreme court held section 709.8
(prohibiting "touch[ing] the pubes or genitals of a child") does not require skin-to-skin
contact, finding *Pearson* relevant to its analysis. ___ N.W.2d ___, ___, 2016 WL
756681, at *7 (Iowa 2016) ("After considering the statutes, *Pearson*, and the authority
from other states addressing similar questions, we conclude a person can touch
another's pubes or genitals within the meaning of Iowa Code section 709.8 (2013)
without making skin-to-skin contact. As under section 702.17, there is no express
requirement of skin-to-skin touching in section 709.8.").

*Seering*, 701 N.W.2d at 666-67.

The only incident that could support the application of section 902.12(3) is incident 4,[3] which the State charged as part of Count II, and the trial information alleged occurred in 1997 or 1998. The trial court found, however, incident 4 "would have occurred in 1996 or 1997." The State contends the record evidence supporting incident 4 establishes an act of second-degree sexual abuse by Droste when the child was in fourth or fifth grade at the age of eight or nine years old—between July 1996 and July 1998. Droste responds that the district court made no findings as to the allegations in incident 4.

The State maintains that although the court did not make a specific factual finding in its ruling as to incident 4, the court did note the child's testimony was corroborated by that of the child's cousin. Therefore, the State argues the findings made about incident 4 establish an act of second-degree sexual abuse by Droste. We cannot read the trial court's findings so broadly.

While noting the State included incident 4 in the charges covered by Count II, the district court did not make any findings that incident 4 constituted a sex act. The State failed to request such a finding by posttrial motion.[4] It is true our review is de novo, but it is not a trial de novo. We review matters raised and ruled upon. *See State v. Groves*, 742 N.W.2d 90, 92 (Iowa 2007).

It is the State's burden to prove the sentencing provision is applicable. It has not done so. Where we are unable to determine whether the conduct

---

[3] The State concedes incidents 1, 2, and 3 were not established as having occurred after the effective date of the statute.

[4] *See Sieg v. Civil Serv. Comm'n of City of W. Des Moines*, 342 N.W.2d 824, 828 (Iowa 1983) (explaining review de novo is "confined to the record made in the lower tribunal").

occurred before or after an effective date of the enactment of a new law, "we must presume the verdict rests on conduct that occurred before the enactment." *See State v. Lathrop*, 781 N.W.2d 288, 298 (Iowa 2010).

We therefore vacate Droste's sentences on counts I, II, and III in part—to the extent the mandatory minimum terms were imposed. We remand for entry of a corrected sentencing order. *See id.* at 301; *see also State v. Louisell*, 865 N.W.2d 590, 601 (Iowa 2015) (addressing the court's authority to impose a particular sentence).

**CONVICTIONS AFFIRMED, SENTENCES VACATED IN PART, AND REMANDED WITH DIRECTIONS.**