# IN THE COURT OF APPEALS OF IOWA

No. 15-1093
Filed May 25, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**JOSE GUERRA-FLORES,**
          Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buena Vista County, Patrick M. Carr, Judge.

Jose Guerra-Flores appeals his conviction for assault with intent to commit sexual abuse. **AFFIRMED.**

Christopher J. Roth of Kasaby & Nicholls, L.L.C., Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Jose Guerra-Flores appeals his conviction for assault with intent to commit sexual abuse. He argues insufficient evidence supports his conviction and the district court erred in denying his motion to exclude evidence of the complaining witness's prior sexual history. While Guerra-Flores did not preserve error on his insufficiency-of-the-evidence claim, we choose to address the merits. In light of the complaining witness's testimony that Guerra-Flores tried to drag her upstairs into the bedroom, we find sufficient evidence to support the intent element of the offense. Additionally, we conclude the court properly denied his motion in limine pursuant to Iowa Rule of Evidence 5.412. Consequently, we affirm his conviction.

Following a jury trial, Guerra-Flores was convicted of assault with intent to commit sexual abuse against N.G. The assault took place on the night of August 16, 2014; N.G. described what occurred that night in the following manner:

> [The State]: Had he tried to be affectionate with you? [N.G.]: He had, um, tried to kiss me a couple times, and I told him to back off. And up until this point he did, until that night when we were having this discussion. He kept insisting that we get back together; that that's something we had to do. He started getting upset when we were talking saying that he didn't understand why we couldn't get back together, why I was being like that. I just told him I didn't want to; that I'd made that clear that he couldn't keep coming around then if he kept on like that.
> I remember that I was trying to get him to leave shortly after that because he was getting really upset, and he tried to drag me up the stairs.
> [The State]: What do you mean by that, drag you up the stairs? [N.G.]: He grabbed me by the hand and tried to get me to go upstairs, and when I said I was tired and he needed to leave he was like, well, let's go to bed. I said no. I'm going to go to bed. You're going to go home. He tried to drag me up the stairs. He said come on. Let's go—
> . . . .

[The State]: Okay. So how were you able to get him out of the house, and about what time was that? [N.G.]: Then he kept trying to drag me upstairs. I kept fighting back saying no, no. He even tried to pick me up once. I was forcing myself back down.

He eventually got frustrated with it. And I kept pushing him and everything. And he eventually got upset and stopped trying, and I got him to leave. I locked the door behind him.

On May 14, 2015, the jury returned a verdict of guilty as to the charge of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11 (2013), though it acquitted on the charge of sexual abuse in the third degree. Guerra-Flores appeals.

We review sufficiency-of-the-evidence claims for correction of errors at law and evidentiary rulings for an abuse of discretion. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). To the extent Guerra-Flores raises constitutional issues, our review is de novo. *State v. Groves*, 742 N.W.2d 90, 92 (Iowa 2007).

With regard to the claim sufficient evidence does not support his conviction, we conclude Guerra-Flores did not preserve error on this argument. On appeal, he notes the lack of evidence supporting the intent element of the offense; however, his motion for directed verdict made only a generalized sufficiency argument, with defense counsel stating, "We would just make a motion for a directed verdict, Judge. We believe the prosecution has not proven their case beyond a reasonable doubt on the crimes charged; and like I said, we would ask you, Your Honor, for a directed verdict of not guilty." The court then overruled the motion, and no further argument was presented.

The record establishes the argument raised on appeal was not presented to the district court—that is, the motion was generalized and did not address the lack of evidence with regard to the intent element of the crime. Consequently,

error was not preserved. *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) (holding the lack of argument with regard to the sufficiency of the evidence for the specific elements of the offense resulted in error not being preserved on the defendant's sufficiency argument).

Nonetheless, we choose to address the merits of Guerra-Flores's claim. When we review challenges to the sufficiency of the evidence, we view the record in the light most favorable to the State and make all legitimate inferences and presumptions that may be reasonably deduced from the evidence. *Quinn*, 691 N.W.2d at 407. If substantial evidence supports the verdict, we will affirm. *Id.* Evidence is substantial if it would convince a reasonable trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

Guerra-Flores challenges the intent element of the crime. Specific intent with regard to sexual abuse can be inferred from "a sexual comment made by the defendant to the victim, touching in a sexual way, the removal or request to remove clothing, or some other act during the commission of the crime that showed a desire to engage in sexual activity." *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992). The evidence found in N.G.'s testimony supports the jury's conclusion Guerra-Flores had the specific intent to commit sexual abuse. She testified Guerra-Flores was trying to convince her to resume their intimate relationship. He tried to be affectionate to her by kissing her and tried to drag her upstairs, saying, "Let's go to bed." He even picked N.G. up off the ground attempting to force her to go upstairs with him. The jury was free to believe N.G.'s testimony. The credibility of witnesses is within the province of the trier of fact, and we decline to disturb this finding on appeal. *See State v. Ragona*, 5

N.W.2d 907, 910 (Iowa 1942) (noting it is not the province of the appellate court "to usurp the jury's function in determining credibility of witnesses"). Therefore, we conclude sufficient evidence supports the conviction for assault with intent to commit sexual abuse.

Guerra-Flores further argues the district court improperly denied his motion to introduce evidence of N.G.'s past sexual history. In overruling the motion, the court stated:

> [The] motion to admit other evidence about a subsequent sexual activity with [N.G.'s boyfriend], which we heard about yesterday afternoon, is overruled. I do not believe the constitution requires any of that to be admitted.
> I would be forced to reconsider that question if this—if identity becomes an issue in this record, which I do not expect.

We find no error in this conclusion. Rule 5.412 states, "Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible." Iowa R. Evid. 5.412(b). Guerra-Flores attempted to introduce evidence showing N.G. had, in the past week, had sexual intercourse with her then-boyfriend, which is evidence of her past sexual behavior, and therefore excluded under this rule as not relevant. *See State v. Edouard*, 854 N.W.2d 421, 449 (Iowa 2012) (noting that, pursuant to this rule, any evidence of a victim's past sexual behavior is not relevant, and therefore not required to be admitted).

Moreover, there was no issue as to the identity of Guerra-Flores, that is, who committed the assault, or any other applicable exception that, under this rule, would require that the evidence be admitted. *See* Iowa R. Evid.

5.412(b)(1)–(2); *see also State v. Clarke*, 343 N.W.2d 158, 161 (Iowa 1984) (noting irrelevant evidence is not constitutionally required to be introduced). Therefore, evidence of N.G.'s past sexual behavior is not admissible under this rule, and the district court did not abuse its discretion when denying the motion in limine. *See Edouard*, 854 N.W.2d at 449–50.

For these reasons, we affirm Guerra-Flores's conviction.

**AFFIRMED.**