# IN THE COURT OF APPEALS OF IOWA

No. 15-1849
Filed May 3, 2017

**TODD ALAN MILLS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

An applicant appeals the district court's denial of his application for postconviction relief.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Following a guilty plea in 2012, Todd Mills was convicted of three counts of second-degree sexual abuse.[1] His sentence called for two of the twenty-five-year sentences to run consecutively and one twenty-five-year sentence to run concurrently. His sentence was also to run concurrently with the sentence he was serving in Nebraska for similar offenses. Mills did not file a direct appeal from his conviction, but in 2013, he filed an application for postconviction relief (PCR), which was denied by the district court in October 2015.

Mills appeals following the district court's denial of his PCR application. Instead of challenging the district court's decision on the issues raised therein, Mills claims his PCR counsel was ineffective in failing to challenge his conviction based on a claim that his guilty plea was not knowing and voluntary. Although the plea-taking court informed him that he would need to register as a sex-offender, Mills asserts he was not informed of the obligation to pay the sex-offender civil penalty of $250; the specific requirements of the sex-offender registry, such as deadlines and fees; the potential criminal penalties for failing to properly register with the sex-offender registry; and the requirement he provide a DNA sample for profiling. *See* Iowa Code §§ 81.2, 692A.103, .110, .111 (2013). Because he was not informed of this information prior to the taking of his guilty plea, he claims trial counsel was ineffective in not filing a motion in arrest of judgment and PCR counsel was ineffective in not challenging trial counsel's ineffectiveness on this ground at PCR.

---

[1] Mills was initially charged with four counts of kidnapping in the first degree, one count of sexual abuse in the first degree, and three counts of sexual abuse in the second degree.

The guilty plea court must inform the defendant of, and ensure he understands, the mandatory minimum punishment and maximum possible punishment of the crime before accepting a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b)(2). However, we note the sex-offender-registry statute and the DNA-profiling statute have been held to be not punitive in *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997) (sex offender registry), and *Schreiber v. State*, 666 N.W.2d 127, 130 (Iowa 2003) (interpreting prior statute regarding DNA profiling), with respect to the application of the federal and state ex post facto clauses. The motivation of these statutes is public safety, not punishment. *Schreiber*, 666 N.W.2d at 130; *Pickens*, 558 N.W.2d at 400. Because both statutory provisions have been determined to be nonpunitive, a guilty plea court is not required under rule 2.8(2)(b)(2) to inform a defendant of the affect these provisions may have as a result of his guilty plea. *See State v. Fisher*, 877 N.W.2d 676, 684–86 (Iowa 2016) (determining the license revocation in a possession-of-drugs guilty plea and the mandatory surcharges were punitive in nature and thus a defendant must be advised of these consequences when pleading guilty).

Because the guilty plea court was not required to inform Mills of the sex-offender-registry requirements or the DNA-profiling requirement, trial counsel was not ineffective in failing to file a motion in arrest of judgment on this ground, and PCR counsel was not ineffective in failing to challenge trial counsel's effectiveness. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

We affirm the district court's denial of Mills's PCR application.

**AFFIRMED.**

Danilson, C.J., concurs; Vaitheswaran, J., dissents.

**VAITHESWARAN, Judge** (dissenting)

I respectfully dissent. Although the Iowa Supreme Court has found Iowa Code chapter 692A non-punitive for ex-post facto purposes, the statute makes certain violations of the chapter a criminal offense. *See* Iowa Code § 692A.111; *State v. Dawson*, No. 13-0792, 2015 WL 1546353, at *2 (Iowa Ct. App. Apr. 8, 2015) ("Iowa Code section 692A.111 sets out a criminal penalty for a sex offender's failure to comply with the registration requirements."). In my view, fines and penalties imposed in connection with a criminal offense specified under that provision would be punitive and a district court would have an obligation to inform a defendant of those fines and penalties.

Mills asserts he "was not advised of the criminal penalties for failing to register." While Mills did not plead guilty to failing to register under chapter 692A, the obligation to register was triggered by the offenses to which he did plead guilty and the district court informed him of this obligation. The question is whether he also needed to be informed of the consequences of failing to register and whether knowledge of these consequences would have made a difference in his plea. As the State asserts, we have no way of knowing the answers to these questions because Mills never raised the issue in the district court and is presently raising the issue under an ineffective-assistance-of-PCR-counsel rubric. Given the absence of a record on this issue, I would preserve the issue for postconviction relief, as the State requests.