# IN THE COURT OF APPEALS OF IOWA

No. 16-1406
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH HODGES WHITE, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


        Joseph White Jr. appeals from his resentencing, claiming his consecutive sentence violates the Ex Post Facto Clause because his original sentence was concurrent.  **AFFIRMED.**


        Joseph P. Vogel of Vogel Law, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., McDonald, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**CARR, Senior Judge.**

Joseph White Jr. appeals from his resentencing, claiming his consecutive sentence violates the Ex Post Facto Clause because his original sentence was concurrent. Because there was no change in the relevant law, there was no ex post facto violation. We affirm the district court's order on resentencing.

## I.    *Background Facts and Proceedings*

White was convicted of one count of first-degree robbery and two counts of first-degree murder following a jury trial in 1993.[1] The district court sentenced White to a term of imprisonment not to exceed twenty-five years for the robbery charge and two life terms without possibility of parole for the murder charges, to be served concurrently.

In 2012, White filed a motion for correction of an illegal sentence, claiming his sentences of life in prison without parole were unconstitutional because he was a juvenile at the time he committed the offenses. *See Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding a statutory schema mandating life imprisonment without the possibility of parole cannot constitutionally be applied to a juvenile). A resentencing hearing was held, *see id.* at 489 (requiring an individualized sentencing determination based on specific factors); *State v. Sweet*, 879 N.W.2d 811, 839 (Iowa 2016) (banning the imposition of life-without-parole sentences for juveniles), and the district court sentenced White to a term

---

[1] The facts surrounding the murders were set forth by this court in opinions affirming White's convictions on direct appeal and denying White's first application for postconviction relief. *See State v. White*, 530 N.W.2d 77, 79-81 (Iowa Ct. App. 1994); *White v. State*, No. 97-1735, 2000 WL 278510, at *1-2 (Iowa Ct. App. Mar. 15, 2000).

of imprisonment of twenty-five years for the robbery charge and two life terms with the possibility of parole for the murder charges, to be served consecutively.

White appeals from the resentencing, alleging the imposition of consecutive sentences violates the Ex Post Facto Clause of the United States Constitution and its analogous clause in the Iowa Constitution.

## II. Standard of Review

White's contention that his new sentence violates the Ex Post Facto Clause is a claim the sentence is inherently illegal. *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). We review this constitutional claim de novo. *Sweet*, 879 N.W.2d at 816.

## III. Discussion

The United States Constitution and the Iowa Constitution "forbid the application of a new punitive measure to conduct already committed." *State v. Corwin*, 616 N.W.2d 600, 601 (Iowa 2000); *see* U.S. Const. art. I, § 10; Iowa Const. art. I, § 21. The Ex Post Facto Clauses "are also violated when a statute makes more burdensome the punishment for a crime after its commission." *Corwin*, 616 N.W.2d at 601; *cf. Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925). In other words, a new law imposing punitive sentences is prohibited if it (1) is retrospective and (2) disadvantages the defendant. *See State v. Iowa Dist. Ct.*, 759 N.W.2d 793, 797 (Iowa 2009) (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

According to White, his motion for correction of an illegal sentence "was clearly requesting that his original sentence from 1993 be changed in order to conform with new federal and state law," i.e., "to remove the restriction" of life

without possibility of parole from his sentence. That is, White contends he "was not requesting a reconsideration of his original sentence or any other form of resentencing," and the district court "was limited in its scope to correcting [his] sentence to be consistent with current law." White claims the court's resentencing order "should be found unconstitutional" because it applied new law retroactively and disadvantaged him.[2]

White's contention is misplaced. Our supreme court has recently reaffirmed the practice of individualized hearings for juvenile resentencing, *see State v. Roby*, 897 N.W.2d 127, 148 (Iowa 2017), and White cites no authority for the proposition that the district court should have unilaterally removed the "without possibility" of parole language from his sentence rather than reconsidering his sentence as a whole based on the factors to be considered in juvenile sentencing enunciated by the supreme court. *See id.*; *State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014).

Here, for purposes of White's ex post facto-claim, the relevant "law" was not Iowa court precedent but rather, the sentencing guidelines for White's criminal conduct. *See Peugh v. United States*, 133 S. Ct. 2072, 2082-85 (2013) (observing a retrospective increase in an applicable statutory sentencing range creates a sufficient risk of a higher sentence to constitute an ex post facto violation). That said, in this case, the statute providing the district court discretion

---

[2] White also claims the district court should not have considered his robbery conviction at resentencing because he had "completed the requisite time incarcerated to discharge the robbery conviction." But as the State points out, the district court was entering an entirely new sentence; consideration of the robbery conviction was necessary because White had been convicted of that crime. In any event, the court ordered White receive credit for time served, so the robbery portion of his sentence was immediately discharged again upon entry of his new sentences.

to impose consecutive sentences has remained substantively unchanged from the time White was originally sentenced in 1993 to the time White was resentenced in 2016. *Compare* Iowa Code § 901.8 (1991) ("If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence."), *with id.* § 901.8 (2015) ("If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence.").

Because there was no new legislation disadvantaging White, there was no ex post facto violation; the district court could have imposed the same sentence in 1993 as it did in 2016.[3] *See State v. Iowa Dist. Ct.*, 759 N.W.2d at 797 ("An offender is disadvantaged when the law 'makes more onerous the punishment for crimes committed before its enactment.'" (quoting *Weaver*, 450 U.S. at 36). We affirm the district court's order on resentencing.

**AFFIRMED.**

---

[3] White's claim would also fail because he has not been disadvantaged; two consecutive life sentences do not impair his eligibility for parole. *Cf. State v. Bentley*, 757 N.W.2d 257, 266 (Iowa 2008) (noting "the consecutive sentences imposed in this case do not affect the capacity of the board of parole to review a commutation application or the power of the governor to convert a life sentence into a term of years").